JULIAN A. BRADLEY, Appellant, v. SOLOMON ALDRICH, impleaded, &c., Respondent.

In an action commenced and tried by the court as an action in equity, the plaintiff therein seeking, upon various allegations, equitable relief and equitable relief only, the court, finding that the plaintiff is not entitled to any equitable relief, cannot, upon certain facts appearing upon the trial which would warrant an action by the plaintiff for damages, but which he has neither alleged or claimed, assess or cause to be assessed such damages, and order judgment therefor against the defendant.

Section 275 of the Code is intended to relieve a plaintiff from any technical objection that he has not prayed for the precise relief to which it may seem he is entitled upon the trial; but still the relief granted must be consistent with the case made by the complaint.

No construction can be given to that section which will enable a plaintiff to compel a trial by the court by merely alleging, in his complaint, grounds of equitable relief, and failing in that, secure a trial of an action for fraud and an assessment of damages without a jury, in violation of the Constitution and of section 253 of the Code.

*Barlow* v. *Scott* (24 N. Y., 40), distinguished.

(Submitted April 5th, 1869, and decided June 14th, 1869.)

APPEAL from a judgment of the Supreme Court, at General Term, in the sixth district, reversing a judgment for the plaintiff at Special Term, and dismissing the plaintiff's complaint, with costs, without prejudice to the right of the plaintiff to bring an action for damages for fraud, if he shall be so advised.

The complaint avers the making of an agreement by the plaintiff with the defendant, Aldrich, by which the plaintiff was to convey to the defendants (Aldrich & Stone) a farm of seventy-five acres in the town of Vestal, and to deliver to one or both of the defendants forty-four sheep; and was to receive therefor, as payment, four village lots in Binghamton, a bond and mortgage, made by one Finch, for $300, and $175 in money; which agreement was carried into complete execution.

The complaint further avers that the plaintiff was induced to make this exchange of property, and did make the

exchange in reliance upon various false and fraudulent representations and concealment of the truth, he being ignorant of the situation and value of what was represented by the defendant as four village lots, viz: The representation that the property in Binghamton consisted of four village lots when, in truth and in fact, it was one village lot of ordinary size only. The representation that the said four village lots were well situated, and three of them were each worth $300, and the other was worth $400, and was, at that time, under contract for the sale thereof, to a responsible purchaser, at that price; whereas, in truth, the whole was of no greater value than $200; and although the defendant, Aldrich, had made a contract for the sale of one-fourth part thereof at the price of $400, such contract was made with a colored person who was poor, and without means of payment; and the whole property, by reason of the occupation of the one-fourth by such purchaser, was rendered unsaleable and nearly valueless. And it is, therefore, averred that the said piece of ground was wickedly and deceitfully imposed upon the plaintiff, in part payment of his farm, by the fraudulent misrepresentations and concealments of the defendant, Aldrich.

It is also averred that the defendant, Stone, was a party to the fraud; a participant in the exchange and in the fraudulent concealment of the truth. That, upon discovering the facts, the plaintiff offered to reconvey and redeliver all that he had received, and demanded a reconveyance to himself of his farm.

The plaintiff, upon these allegations, demanded judgment, declaring the agreement for the exchange fraudulent and void. That Aldrich or Aldrich & Stone be required to accept a re-conveyance of the village land, a reassignment of the Finch bond and mortgage, and $175 in money, and be required to re-convey to the plaintiff his farm; or that the plaintiff's deed thereof to them be declared void and be canceled; and the plaintiff be awarded compensation for the rents and profits or use and occupation of the farm while in the defendant's possession, and for any waste committed

thereon; and that the defendant may have such other and further relief as shall be found necessary to work full and complete justice and equity in the premises.

The answer denied, in detail, the allegations which imputed any misrepresentation, concealment or fraud to the defendants, and gave a detailed account of the negotiation, and exchange, the location, condition and value of the property, and the knowledge of the plaintiff of all the material facts, when the exchange was made.

The action was brought to trial before the court at Special Term, and the evidence offered by the parties, respectively, being received, the judge filed a decision, detailing briefly the evidence, reviewing its force and effect, declaring that the plaintiff had failed to satisfy him of the frauds alleged, with one exception, viz:

He finds and holds that " Aldrich falsely represented him " (the purchaser of the one-fourth of the village land) " to be good, and for this he is liable, and plaintiff is entitled to judgment for whatever damages he has in that respect alone sustained; and for the purpose of ascertaining such damages, there must be a reference to Judge GRISWOLD to take proofs and report." To this, the defendant, Aldrich, excepted.

The actual value of the said one-fourth of the village lot having been ascertained, judgment was entered for the plaintiff for the difference between that value and the sum which was payable by the contract for the sale thereof, viz: $113 and the costs of the action.

From that judgment the defendant appealed to the General Term, and the judgment was there reversed and the plaintiff's complaint dismissed with costs to the defendant, but without prejudice to the right of the plaintiff to bring an action at law, if so advised.

Thereupon the plaintiff appeals to this court.

*George Bartlett,* for the appellant, upon the point discussed in the opinion, cited *Barlow* v. *Scott* (24 N. Y. R., 40); *Bidwell* v. *Astor Ins. Co.* (16 N. Y., 263); *Bradley* v. *Beusley*

(1 Barb. Ch. R., 125); *Crane* v. *Bunnel* (10 Paige, 344); 1 Stor. Eq. Jur., §§ 184 to 195.

*Hotchkiss & Seymour*, for the respondent, cited, upon the question of the jurisdiction of the court to try the question of fraud and assess damages in this action, *Russell* v. *Clark's Ex'ors* (2 U. S. Cond. R., 422); Stor. Eq. Jur., §§ 71, 72, 73, 74.

WOODRUFF, J. The order and judgment of the General Term of the Supreme Court, whereby the judgment at Special Term was reversed, was entered in July, 1859. By the provisions of the Code, at that time in force, the questions whether of fact or of law arising upon the trial of an action by the court, could only be reviewed in the manner prescribed by the 268th section, to wit: "The questions of law in every stage of the appeal; and the questions of fact upon the appeal to the General Term of the same court."

It appears by the opinion assigning the reasons for the reversal of the judgment in this case, that the court in General Term were of opinion that the evidence was not sufficient to warrant any finding that the defendant made any fraudulent representations, or that the plaintiff was induced to make the exchange by any representations touching the responsibility of the purchaser of the village lot, or that the plaintiff was in that respect defrauded, and therefore that "the evidence in the case does not justify the judgment which was given."

If, therefore, the Code had remained unchanged, it would be a serious question whether this appeal ought not to be dismissed on the ground that we have no jurisdiction to review the determination which was actually made by the General Term.

But by the amendment of 1860, it is explicitly enacted that a judgment on trial by the court, shall not, in the Court of Appeals, be deemed to have been reversed upon questions of fact, unless so stated in the judgment of reversal, and this

provision is made to apply to appeals then pending, as well as to those thereafter brought.

We are, therefore, in the face of the declared opinion of the General Term, that the evidence was wholly insufficient to sustain the conclusions of the court at Special Term, compelled to treat the reversal as having been ordered for error in law and to review the case upon that assumption.

. No doubt if the defendant had desired to insist that the reversal in the General Term was upon the questions of fact, he would, after the act of 1860, have been permitted to procure an amendment of the judgment of the General Term, so as to conform to the opinion of the court in that respect, and cause the same to be filed here as part of the record.

No such amendment having been made, the review here is necessarily confined to the questions of law. It may be that the defendant has preferred that the case be thus reviewed, for the reason that if it were assumed or stated in the judgment that the reversal was upon the ground that the evidence did not sustain the findings of fact, the propriety of ordering judgment final for the defendant instead of ordering a new trial, would have been open to discussion and to very serious doubt, for *non constat* that on a new trial the plaintiff would not have furnished ample proof to sustain his allegations.

What, then, are the questions of law raised upon the trial or open to review here ?

No exception was taken by the appellant to any ruling of the court in receiving or rejecting testimony. The exceptions taken to the decision of the court, are mainly to the findings of fact.

But the exceptions may be said to present a question of law or perhaps two questions of law in this, that the appellant below excepts to the conclusion that the defendant is liable, and the plaintiff entitled to judgment for the damages sustained by reason of the false representation that Webb, the said purchaser, was good, and the award of a reference to ascertain such damages. And the ground stated in the exception is that such decision is against law and the uniform

practice of courts of equity. That the justice had not jurisdiction to order such a reference; that the court, after an express finding that there was no ground for equitable relief, had no right to try a simple question of fraud, and assess or cause to be assessed, the damages therefor; but that a trial of such an issue could (unless the defendant consented) only be tried by a jury.

It is clear that this action, begun and tried as an action in equity, seeking upon various allegations equitable relief, and equitable relief only, viz; the rescission of an agreement and the restoration of the parties to their former condition, has ended as an action on the case for deceit, and an award of damages therefor; which is "an action for the recovery of money only." (Code, § 253.)

It cannot be said that the defendant, by going to trial before the court without objection, waived his right to object to the trial of a mere action to recover damages for deceit, without a jury; for the action was not "an action for the recovery of money only" (Code, 253), but for special, equitable relief, and was therefore "triable by the court" (Code, 254). He therefore had no alternative, and had no right to object to the trial of the cause by the court.

*Scott* v. *Barlow* (24 N. Y., 40) does not conflict with this view. There the complaint was "framed for the specific performance of an agreement, and in default thereof, for compensation in damages." The opinion pronounced in that case, held that on the face of the complaint there was no ground for specific performance, and the case in truth therefore presented a cause of action for damages, and nothing more. The defendant therefore went to trial to meet that precise claim. *Greason* v. *Keteltas* (17 N. Y., 491), was like *Scott* v. *Barlow* in that respect.

It does not appear that the plaintiff at any time treated the action as brought to recover damages. No such idea could be suggested by the complaint; no such claim appears to have been made at the trial. The plaintiff does not, in his complaint, aver that he has sustained any damages from the

representation, and it is quite obvious that he did not prove or attempt to prove his damages from this cause, else a reference to ascertain whether he had sustained any, and how much damages, would not have been necessary.

It is certain that the former practice of the Court of Chancery furnishes no warrant for such a proceeding. When all ground for equitable interposition failed, the bill was dismissed; and if a cause of action at law appeared to arise out of the transaction, which rested in no equitable but simply in legal jurisdiction, the party was left to pursue his remedy in the appropriate forum.

The Code, however, in section 275, provides that "the relief granted to a plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint; but in any other case, the court may grant him any relief consistent with the case made by the complaint, and embraced within the issue. This section relieves a plaintiff from any technical objection that he has not prayed for the precise relief to which on the trial it may seem he is entitled, but the relief to be granted must still be consistent with the case made by the complaint.

And in construing and applying this section, another, equally peremptory, must be kept in view, which rests upon the right to trial by jury, secured to the party by the Constitution. By section 253, "An issue of fact, in an action for the recovery of money only, * * * must be tried by a jury, unless a jury trial be waived," as provided in section 266.

Now it was not the intent of section 275 to violate this section, and enable a plaintiff to compel a trial by the court, by merely alleging some ground for equitable relief, and, failing in that, have a trial of issues in an action for fraud, and an assessment of damages therefor without a jury. Nor will it warrant the court in disappointing the expectation and claims of both parties, trying the action and deciding it, so far as it is equitable in its nature, by denying the plaintiff's claim; and then selecting of facts found some which may war-

rant an action for damages, which the plaintiff has neither alleged nor claimed, and then order an assessment by a referee, and judgment for such damages as may be assessed.

The defendant here had a right to a trial by jury of the questions upon which the judge, at Special Term, gave judgment against him ; he had a right to know, in some stage of the action, that some claim for damages, on the ground of fraud, was made against him ; he was entitled to an opportunity to object that, as to such an issue, he was entitled to a trial by jury, and to demand such trial.

According to the record before us, he was not apprised of any such claim until its declaration, and its maintenance appeared in the decision of the judge ; and to that he excepted, which alone he could do.

The opinion in this court, in *Mann* v. *Fairchild* (2 Keyes, 111, *et seq.*), is that "if a party brings an equitable action even now, when the same court administers both systems of law and equity, the party must maintain his equitable action upon equitable grounds or fail, even though he may prove a good cause of action at law on the trial. (See, also, *Heywood* v. *Buffalo*, 14 N. Y., 540.)

If it were material it might be further suggested that the decision of the judge does not itself show a cause of action for which the damages could properly be awarded. His finding is simply that "Aldrich falsely represented him" (Webb, the purchaser of one of the lots), "to be good ; and for this he is liable, and plaintiff is entitled to judgment for whatever damages he has, in that respect, sustained." Here is no finding of any fraud ; no finding that the plaintiff was deceived, nor of an intent to deceive, though deceit is of the gist of such an action, and no finding that the plaintiff sustained any damages.

It may be true that where two causes of action, one legal and one equitable in their nature, are stated in the same complaint, the court may try the cause, and if the defendant, having just opportunity, does not demand a jury for the trial of such of the issues as the Code and the Constitution both

require to be tried by the jury he may be held to waive a trial by jury. But he must have just opportunity before such waiver can be implied, and it is not to be overlooked that the Code itself, declaring how a jury trial may be waived, does not make mere appearance such a waiver, but " Oral consent in open court, to be entered in the minutes."

If it could fairly be said that the present complaint stated two causes of action, of which one was for damages for deceit, it would have been, probably, within the power of the General Term to reverse the judgment, and order the issues, in that respect, to be tried by a jury. That may be done where causes of action, legal and equitable, are properly united in the same complaint.

But I do not think that this action presents such a case, and the judgment appealed from should, therefore, be affirmed, with costs.

HUNT, Ch. J., MASON, JAMES, DANIELS, JJ., were for affirmance on the grounds stated in WOODRUFF's opinion.

MASON, J., also thought the case came under section 171 of the Code, and there was a total failure of proof under that section.

GROVER, J., thought the Code authorized the uniting of legal and equitable causes of action arising out of the same transaction. In this case the General Term should have ordered a new trial. The order should be affirmed as to reversal of the judgment, and reversed so far as it ordered final judgment for the defendant.

The order was affirmed on the ground the complaint did not state any other cause of action than the equitable one, and there was a total failure of proof as to that.

The court agreed, unanimously, that causes of action, both legal and equitable, arising out of the same transaction, may be united by proper allegations in the complaint.

Order affirmed, and judgment absolute for the defendant.