JOHN E. ANDREW AND BENJAMIN T. KISSAM, EXECUTORS, ETC., OF GEORGE W. COSTER, DECEASED, APPELLANTS, *v.* THE NEW JERSEY STEAMBOAT COMPANY, RESPONDENT.

*Action to procure equitable relief — when it may be sustained as an action at law.*

The plaintiffs brought this action as owners of two-tenths of a steamboat. The complaint alleged that the defendant had purchased the other eight-tenths, and that the boat was to have been delivered to the defendant in the fall; that before that time the boat ran upon a rock and was sunk; that it could have been raised and repaired at a cost not to exceed $5,500; that defendant took from her portions of her engine, rods, joiner work, state-room glasses and mattresses, and used them in the construction of a new boat, and sold the residue of the old one. The relief demanded was that the plaintiffs might be declared entitled to an interest in the new boat, upon contributing what might be equitably due from them.

Upon the trial it appeared that the portions of the old boat used in the construction of the new one formed but a small portion of the latter. The referee held that the plaintiffs had failed to establish any interest in the new boat, and dismissed the complaint. *Held,*

That the referee rightly held that the plaintiffs had no interest in the new boat.

That, as it appeared from the complaint and the evidence upon the trial that the defendant had wrongfully converted to its own use the plaintiffs' interest in the old boat, the action should have been continued as an action at law to recover the damages sustained by the plaintiffs therein.

*Semble,* That the General Term may direct the entry of such a judgment as it appears from the evidence a party is entitled to recover, only in cases where the facts establishing that right have all been found. It has no power to determine such facts upon conflicting evidence.

APPEAL from a judgment in favor of the defendant, entered on the report of a referee.

*E. C. Benedict,* for the appellants.

*Charles Jones,* for the respondent.

DANIELS, J.:

This action was commenced by John E. Andrew and George W. Coster, as owners of two-tenths of the steamboat named Francis Skiddy. During its pendency George W. Coster departed this

life, and the action was afterwards revived as to his interest, and continued by his executors with the surviving plaintiff. Its ostensible object was to establish their title to an interest in the steamboat Dean Richmond, which had been in part constructed and furnished with articles and furniture taken from the Francis Skiddy. It appeared that the defendant had entered into a contract with The New Jersey Steam Navigation Company, which was the owner of eight-tenths of that steamboat, for the purchase of that interest.

By the terms of the purchase, the boat was to be delivered to the defendant at the end of the season of navigation, in the year 1864. But before the arrival of that period, she was run upon a rock in the upper portion of the Hudson river, and in consequence of the injury received from that cause, she sank. It appeared, however, that she could have been raised and repaired for $5,000, or $5,500, but no effort was made to do that. The defendant, on the contrary, concluded to build another steamer, which it afterwards did, and called it the Dean Richmond. And in building her, it used a portion of the engine, rods, joiner work, state-room glasses and mattresses of the steamboat Francis Skiddy, which it had taken possession of under the contract for her purchase, and it sold the residue of that steamer. The articles used did not form a very considerable portion of the new steamboat Dean Richmond, which was a very large and valuable boat. For that reason the referee held that the action could not be maintained as one that had been brought for establishing the title of the plaintiffs as part owners of the steamboat Dean Richmond, and he directed the complaint to be dismissed. In this conclusion he was probably right. For merely using a portion of the plaintiff's property in the construction of the new steamboat, chiefly built with other materials, in which they owned no interest whatever, would not entitle them to be deemed part owners of her. The authorities have not sanctioned so extended a right even in favor of the owner, whose property has been wrongfully taken and made a part of an entirely different thing, constituting the principal. (*Brown* v. *Sax*, 7 Cow., 95.) Where that appears to have been the disposition made, the owner is necessarily limited to the value of the property owned by him, which may have been improperly taken, and by the use made of it, has become incorporated in the article newly produced. In that way a transition is made of it, through

which it becomes an incidental portion only of an entirely different thing, and for that reason incapable of itself of being reclaimed, and creating no title to that to which it has been affixed. The law upon this subject has been fully and thoroughly discussed by the courts, but in no case has the right of the owner of the articles taken been so far extended as to sanction the claim preferred by the plaintiffs in this instance. (*Silsbury* v. *McCoon*, 6 Hill, 425; 4 Denio, 332; 3 Com., 379.)

But the complaint of the plaintiff should not for that reason have been, as it was, dismissed. If they could not maintain their right as part owners of the steamboat Dean Richmond, that failure did not deprive them of the right to be compensated for the value of their interest in the portions of the Francis Skiddy, which had been used in constructing and furnishing her. As to that the defendant, by its answer, offered to pay the plaintiffs, and in no way denied their right to compensation to that extent. And in view of that offer the plaintiffs could not lawfully be deprived of that measure of relief. That, as the pleadings on both sides had been framed, was treated as a proper subject of equitable cognizance, and redress should certainly, for that reason, have been to that extent awarded.

But it appeared in the case that the residue of the Francis Skiddy had been sold and disposed of by the defendant; and that, under the circumstances, established a conversion of the plaintiffs' interest in her. The parties owned her as tenants in common, and either a sale or destruction of personal property owned in that way, by one of the joint owners, will be sufficient to entitle the other owners to maintain an action for the recovery of the value of their interest in the thing converted. (2 Hill. on Torts, 425–428.)

But it has been objected that the plaintiffs deprived themselves of the right to that redress, by what transpired at the close of the trial before the referee. A motion was then made for the dismissal of the complaint because the plaintiffs did not appear entitled to the relief demanded, or any equitable relief. But it was accompanied with the offer, if they so-elected, to have the action considered a common-law action, and to have it determined as such by the referee. The case states that the plaintiffs declined so to elect, " and claimed that they were entitled to such relief, legal or equitable, as the

referee might deem them entitled to under the pleadings and proofs in the case." This was not an entire rejection of the offer which had been made, but a qualified acceptance of it. In substance it asserted the right to the equitable relief expected to be secured by the action, as one of an equitable nature, but if the referee held otherwise, then that the plaintiffs should be adjudged such other relief as they could lawfully obtain under the pleadings and proofs in the action. And, according to the opinion delivered by the referee on the final disposition of the case, he understood that to be their position. That was the point to which his consideration was ultimately directed. And it was only because the action, in his judgment, could not be maintained as one dependent upon equitable principles, that he directed the complaint to be dismissed. The same thing is evident from the report which was made in the case. For that states as the reasons why the complaint should be dismissed the facts, that the plaintiffs were not entitled to the specific equitable relief demanded by their complaint, and were not joint owners with the defendant of the steamboat Dean Richmond. That they were not entitled to recover any thing upon any view of the facts proven was in no way intimated. And it could not properly have been when the evidence was found to have established the fact, that a valuable portion of the property in which they owned a common interest had been appropriated by the defendant to the construction of the new boat. And with the further fact shown that the rest of the Francis Skiddy which had been received, had been sold by the defendant, a right to recover for a wrongful conversion of their property, was clearly made out by the plaintiffs.

That, however, was not allowed to prevail, because the action had been brought according to the forms adapted to relief in courts of equity. And the defendant has endeavored to justify the direction given by the referee, by reason of that circumstance. But the fact that the complaint was framed on the theory of redress in equity, did not of itself justify the result which was reached in the case. For when claims both legal and equitable arise out of the same transactions, as they very clearly did in this case, the Code has allowed both to be prosecuted in the same action. (Code, § 167.) And as the defendant had interposed an answer to the complaint,

the right to relief was not restricted to that which the plaintiffs had, in terms, demanded. In that event, it has been provided that any relief may be adjudged consistent with the case made by the complaint and embraced within the issue. (Id., § 275.) The case made by the complaint depends upon the facts which have been alleged. And if they establish the right to redress in any form, it is within the issue joined and must be awarded by the court before which the trial may be had, if the evidence shall be found sufficient for the purpose. Nothing inconsistent with the existence of that right was held either in *Bradley* v. *Aldrich* (40 N. Y., 504) or *Arnold* v. *Angell* (62 id., 508). In the first of these cases the facts were not alleged upon which any recovery at law was justifiable. And the other was considered to be a failure of proof, because the case made by the evidence was not within the issue.

The statute has prescribed what shall be done, and that is, that the plaintiff may have such relief as shall be consistent with the complaint. In the present instance the facts were averred that the plaintiffs owned two-tenths of the steamboat Francis Skiddy, and that the defendant used her engine, apparel, furniture, iron rods, bolts, joiner work and every part thereof, so far as the same could be adapted to the model of the new boat, in the construction thereof, and that the balance of said Francis Skiddy was sold by the defendant, or otherwise converted to its own use, and the proceeds applied to the construction of the new boat. These averments were sufficient to present a case for the unlawful conversion of the plaintiff's property. And they were not deprived of their significance in that respect because such other allegations were united with them as made out an equitable case in the plaintiffs' favor. It was still within the issue that the defendant had, by its own wrong, converted property owned by the plaintiffs. The fact was distinctly charged and the defendant could not have been misled to its prejudice, even if it had been required to meet that charge by reserving the action for its subsequent trial.

That was one of the objects, designed to be secured by these provisions of the Code. It had long been the source of legal scandal that a party presenting a perfectly just case had often been turned out of the tribunal to which he applied for redress, because it was not adapted to its own forms of proceeding. In that manner, signal

instances of great injustice had arisen.  Actual right was subordinated to matters of form.  And to avoid the continuance of that practice, it was provided, that both legal and equitable relief might be pursued in the same action when it depended upon the same facts, and that the court should award any relief consistent with the case made by the complaint and embraced within the issue joined, in the judgment required to be given.  The case presented by the complaint was not made out by artistic allegations, but still the facts were contained in it.  For it did appear from it, that the plaintiffs had a clear legal right to be paid for their interests in the Skiddy, on account of the disposition which it was stated the defendant had made of it.  That was a legal cause of action, and it was not deprived of that character by the additional allegations, which were added for the purpose of showing that relief in equity could be consistently adjudged.  These allegations were not maintained by the evidence, but the others were, and that was enough to entitle the plaintiffs to recover either before the referee or a jury to which the case could have been lawfully and properly ordered for trial.  If that cannot be done, it is evident that a complete right to substantial redress may be wholly sacrificed to a mere formal defect in the mode of presenting the case by the complaint ; and it was one of the objects of the present system of practice to prevent that from being done.  It was claimed, in support of the appeal, that this court has been empowered to direct the entry of such a judgment, as the plaintiffs might appear from the evidence to be entitled to recover.  If the facts establishing the right had all been found, that might be done.  But this court has not been invested with the power to determine upon conflicting evidence what facts shall be deemed to have been proven, when that has not been settled by the tribunal hearing and deciding the case.  The preceding practice in equity did allow that course to be taken by the appellate tribunal; but the theory of the present system of practice is different.  That must now be done by the tribunal seeing and hearing the witnesses, which, on that account, is much better qualified to pass upon, and correctly determine the effect of their evidence than an appellate tribunal can by any possibility be.  In this case a very decided controversy existed as to the value of the plaintiffs' interest in the Skiddy after she had stranded.  Their evidence tended to show it to be large ; while that which was

given on the part of the defendants had a tendency to justify a different conclusion.

Which was right was a matter left undecided by the referee; and this court, certainly, has no power whatever to complete the case by making that determination for itself. The most that was shown beyond controversy was that the plaintiffs were entitled to recover something, because of the wrongs which they had been made to suffer from the acts of the defendant. But the extent of this right was in such a degree of conflict as to be incapable of being satisfactorily settled by any tribunal, deprived of the power of seeing as well as hearing the witnesses who testified concerning it. Under the offer which was made at the close of the proof by the defendant, and the position taken in the case by the plaintiffs, that ought to have been decided by the referee. What then transpired conferred upon him full power to decide the action, as one dependent wholly upon legal, as distinguishable from equitable remedies; but that he declined to do. And he erred in his determination upon this subject as he also did in declining to award the redress, which the answer conceded to the plaintiffs by the offer it contained.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

. DAVIS, P. J., and BRADY, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.