CHARLES H. KETCHUM, Appellant, *v.* ROMANE DEPEW, Respondent.

*Restraining the commission of a trespass — an equitable action must be maintained upon equitable grounds or fail — when the objection, that the plaintiff has a sufficient remedy at law, is waived.*

The complaint in an action alleged that the defendant entered upon certain premises, with his servant and reaper, and cut, and was still cutting, twenty acres of wheat growing thereon, and that he daily, and several times a day, committed trespasses on said lands and perfects a cause of action against the defendant, and that unless an injunction issue the plaintiff would suffer irreparable injury which could not be compensated for in damages, and that to protect his rights he would be obliged to prosecute a multiplicity of suits.

*Held,* that a good cause of action was stated for equitable relief, and the action must be tried on the equity side of the court, as under such facts the plaintiff had no adequate remedy at law;

That if, however, the facts proven upon the trial of such action showed that the defendant had but once entered upon such premises and cut the wheat, and said he had been advised to do it, and there was no pretense that he again contemplated entering upon the premises, or that he asserted any right except to take away that single crop of wheat, the plaintiff could not secure relief in an action in equity, and that his action for such relief must be tried as an action at law.

Where the plaintiff in an action might have sued at law and obtained some sort of a remedy, or might have brought his action in the equity courts and have obtained more complete relief, if the defendant allows him to proceed to a hearing in the equity action, without pleading that he had a sufficient remedy at law, he waives the objection, but this doctrine is applicable only to cases where the jurisdiction of equity and law is concurrent.

If a party brings an equitable action, even though the same court administer both systems of law and equity, the party must maintain his equitable action upon equitable grounds or fail, even though he may prove a good cause of action at law on the trial.

APPEAL by the plaintiff, Charles H. Ketchum, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Yates on the 28th day of September, 1893, upon the decision of the court, rendered after a trial at the Yates Special Term, dismissing the plaintiff's complaint.

This action was brought to restrain the commission of a trespass.

*William T. Morris,* for the appellant.

*Charles W. Kimball,* for the respondent.

Present — DWIGHT, P. J., LEWIS, HAIGHT and BRADLEY, JJ.

Judgment appealed from affirmed, with costs, on opinion of RUMSEY, J., at Special Term.

The opinion of the Special Term was as follows:
RUMSEY, J.:

The plaintiff, in his complaint, alleged that the defendant entered upon the said premises, with his servant and reaper, and cut, and was still cutting, twenty acres of wheat growing thereon. It further alleged that the defendant daily, and several times a day, committed trespasses on said lands and perfects a cause of action against said defendant, and that unless an injunction issue the plaintiff would suffer irreparable injury which could not be compensated for in damages, and that to protect his rights he would be obliged to prosecute a multiplicity of suits. It needs no citation of authority to prove that if the facts thus stated were true, the plaintiff would have a good cause of action for equitable relief, and that this action must be tried upon the equity side of the court. Such being the case, there was, undoubtedly, no adequate remedy at law upon the allegations contained in the plaintiff's complaint. But the state of facts shown upon the trial was entirely different from that alleged in the complaint. All that appeared upon the trial was that the defendant entered upon the premises and cut the wheat and said he had been advised to do it. This was one single trespass. There was no pretense that the defendant contemplated entering upon the premises again, nor that he asserted any rights except to take away that single crop of wheat. If the plaintiff brought an action at law for that trespass, he would be entitled, upon making a proper case, to recover the value of the wheat and damages for the entry upon his land, and such a recovery would be a complete and adequate compensation for all that he had suffered.

Nobody can claim that such relief can be sought in an action in equity, and it is very clear that an action brought for such relief must be tried as an action at law.

The case is precisely within that of *Bradley* v. *Aldrich* (40 N. Y. 504). In that case it was said: "If a party brings an equitable action even now, when the same court administers both systems of law and equity, the party must maintain his equitable action upon

equitable grounds, or fail, even though he may prove a good cause of action at law on the trial." Such was the decision of the Court of Appeals in the case of *Mann* v. *Fairchild* (2 Keyes, 3), which was followed in the case of *Bradley* v. *Aldrich* (*supra*). In the case last mentioned the action was brought for equitable relief and that the defendant be required to rescind a contract, which it was claimed he had procured by fraud.

The answer in that case denied the allegations of the plaintiff, but it did not raise the question that there was an adequate remedy at law. The court, at Special Term, found the facts entitling the plaintiff to relief at law, but denied equitable relief. The judgment there entered was reversed at General Term, without prejudice to the right of the plaintiff to bring an action at law. In the Court of Appeals the judgment of the General Term was affirmed, upon the sole ground that the plaintiff, having failed to establish a right to equitable relief, could not, in an action brought for that sort of relief, secure a remedy at law. The court says it was not the intent of the law " to enable the plaintiff to compel a trial by the court by merely alleging some ground for equitable relief, and failing in that, have a trial of issues in an action for fraud and an assessment of damages therefor, without a jury." That case, as I said, is precisely in point, and requires the court to hold here that the plaintiff cannot recover in this action upon the proof made at the trial.

But it is claimed that the defendant has waived the right to object to a trial at the Special Term, because he has failed to set up in his answer that the plaintiff had an adequate remedy at law, and several cases are cited which hold that a defendant cannot, when sued in equity, avail himself of the defense that an adequate remedy at law exists, unless he pleads that defense in his answer. That doctrine was established when equitable jurisdiction was vested in the Court of Chancery and legal jurisdiction in the courts of law, and it was applied in cases where the jurisdiction of the two courts was concurrent.

In such cases, where the plaintiff might have sued at law and obtained some sort of a remedy, or might have brought his action in the equity courts and obtained a more complete remedy, it was held that if the defendant permitted him to proceed to a hearing in the equity action without raising the point that he had a sufficient rem-

edy at law, he had waived it. The reason was that the court of equity has jurisdiction, because, upon the facts proved, the plaintiff would be entitled to equitable relief, and that to permit the defendant to allow the case to proceed to a hearing, before attempting to oust the court of its jurisdiction, would result in a great injustice to the plaintiff. But it will be found that the rule was applied only in cases where the remedy was concurrent, and it was only in such cases that the defendant was obliged to assert, at the threshold of the case, his claim that the action was not an action in equity. The rule was then, as it is laid down in the case of *Bradley* v. *Aldrich*, that where the plaintiff came into court invoking the jurisdiction of the court of equity upon matters as to which a court of law had no jurisdiction, he was obliged to prove a cause of action in equity, and failing in that, he lost his case.

I have been unable to find any case where there was exclusive jurisdiction in the equity court, in which the plaintiff, upon failing to prove his right to relief in equity, was still entitled to a judgment at law. In such cases, the plaintiff was always required to proceed in the law courts to obtain the relief to which he was entitled.

A claim precisely like the one made here was presented to the Court of Appeals in the case of *Dudley* v. *The Congregation of St. Francis* (138 N. Y. 451) and was held not to be tenable. The opinion of the court in that case, at pages 459 and 460, sustains the conclusion I have here reached upon the authority of *Bradley* v. *Aldrich* (*supra*). See, also, *Hawes* v. *Dobbs* (137 N. Y. 465).

The court is requested to send this case to the Circuit for trial, but I do not think that such a course would be proper. It was not done in the case of *Bradley* v. *Aldrich*, and I think that this case should have the same direction as was given to that one.

The complaint must, therefore, be dismissed, but not upon the merits.