JAMES D. YEOMANS, Respondent, *v.* GEORGE H. BELL, Appellant.

1. VENDOR AND PURCHASER — REMEDIES FOR FRAUD. When fraud has been practiced by the vendee upon the vendor in the sale and conveyance of real estate, the vendor may either proceed in equity to rescind the contract by restoring the parties to their original position, or he may proceed at law in affirmance of the contract and recover his damages for the deceit; but he cannot have both remedies, nor can he affirm in part and rescind in part, but if he elects to rescind, he must do so *in toto.*

2. ACTION FOR DAMAGES IN AFFIRMANCE OF CONVEYANCE. When the complaint of a vendor of real estate against the vendee alleges that the plaintiff was induced by the fraud of the defendant to accept certain corporate stock in lieu of a part of the purchase money, and demands judgment for the sum for which the stock was taken, with interest thereon from the date of the conveyance, and asks that the amount be declared a lien upon the land, to be enforced by foreclosure and sale, without tendering or demanding a restoration of the parties to their original position, the action is one for damages in affirmance of the contract, aided incidentally by a vendor's lien.

3. RECOVERY LIMITED TO INDEMNITY. In an action for damages for the fraud of the vendee in a purchase of real estate, the vendor can only recover indemnity for his loss; and where he accepted corporate stock at its par value as part of the purchase money, a recovery of the entire sum for which the stock was taken cannot be upheld in the absence of proof that the stock was worthless.

*Yeomans* v. *Bell,* 79 Hun, 215, reversed.

(Argued December 8, 1896; decided December 22, 1896.)

APPEAL from a judgment of the General Term of the Supreme Court in the fifth judicial department, entered June 28, 1894, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Tracy C. Becker* for appellant.　The plaintiff had means at hand of discovering the value of this stock other than the representations of the defendant, and in the negotiations did not use the means of knowledge as a prudent man should have done under the circumstances and cannot now complain. (*Chrysler* v. *Canaday*, 90 N. Y. 272; *Ellis* v. *Andrews*, 56 N. Y. 83; *Homer* v. *Perkins*, 124 Mass. 431; *Schumaker* v. *Mather*, 133 N. Y. 590; *Van Epps* v. *Harrison*, 5 Hill, 63; *Tallman* v. *Green*, 3 Sandf. 437; *Long* v. *Warren*, 68 N. Y. 426; *Slaughters* v. *Gerson*, 13 Wall. 383; *Gordon* v. *Parmalee*, 2 Allen, 212; *Savage* v. *Stevens*, 126 Mass. 207.) The execution and delivery of the contract of sale providing for the payment of the purchase price in part, by taking the vendee's mortgage upon the premises for a part of the price ($2,000), and the taking by the vendor of security other than the personal security of the purchaser (the $5,000 of stock), and the consummation of this contract of sale by the delivery of the deed pursuant to said contract, was a waiver of the vendor's lien. (*Fish* v. *Howland*, 1 Paige, 20; *McGonegal* v. *Plummer*, 30 Md. 422; Bingham's Act. & Def. 347, 348; *Bond* v. *Kent*, 2 Vern. 281; *Gilman* v. *Brown*, 1 Mason, 191; *Mines* v. *M. & W. R. R. Co.*, 3 Ga. 333; *Richardson* v. *Ridgely*, 8 G. & J. 87; *Wilson* v. *Graham*, 5 Munf. 297; *Williams* v. *Roberts*, 5 Ohio, 35; *Mayham* v. *Coombs*, 14 Ohio, 428; *Boon* v. *Murphy*, 6 Blackf. 273; *Manly* v. *Slason*, 21 Vt. 271.)　If we assume that the plaintiff has not waived his lien, the judgment appealed from is inequitable and unjust. (*Bradley* v. *Bosley*, 1 Barb. Ch. 149; *Vail* v. *Reynolds*, 118 N. Y. 297.)

*Adelbert Moot* for respondent.　The evidence in the case and the findings of fact by the court based thereon establish plaintiff's right to the remedy selected and the validity of the judgment appealed from. (*Hammond* v. *Pennock*, 61 N. Y.

145 ; *Baker* v. *Lever*, 67 N. Y. 304 ; *Beardsley* v. *Duntley*, 69 N. Y. 577 ; *Krumm* v. *Beach*, 96 N. Y. 398 ; 1 Cook on Stockholders, § 350 ; *Fish* v. *Howland*, 1 Paige, 20 ; *Shirly* v. *C. S. S. Co.*, 2 Edw. Ch. 505 ; *Hallock* v. *Smith*, 3 Barb. 267 ; *Warren* v. *Fenn*, 28 Barb. 333 ; 4 Kent's Comm. 152 ; *Seymour* v. *McKinstry*, 106 N. Y. 230 ; *Borst* v. *Corey*, 15 N. Y. 505.) But the courts have gone further and have expressly decided that a party may repudiate a fraud very like that in suit here, and may assert his vendor's lien. (*Bradley* v. *Bosley*, 1 Barb. Ch. 125 ; *Coit* v. *Fougera*, 36 Barb. 200 ; *Johnson* v. *Hathorn*, 2 Keyes, 477 ; *Mills* v. *Bliss*, 55 N. Y. 139 ; *Baker* v. *Lever*, 67 N. Y. 304.) The decision of the court rendered upon the trial of this action, and the judgment rendered thereupon, properly allowed to the plaintiff interest upon $5,000 from November 1, 1887. (*Stevenson* v. *Maxwell*, 2 N. Y. 408.) The defendant's exceptions are not well taken, because they involve matters of fact as to which the court found against defendant upon abundant facts, or because they involve matters of law correctly disposed of by the court. (*In re N. Y. C. & H. R. R. R. Co.*, 90 N. Y. 347.) The whole matter litigated and disposed of by the trial court and at the General Term was a question of fact resting in the sound discretion of those tribunals, and this court will not and cannot review their judgment upon the exceptions to the findings of fact and failure to find facts as requested disclosed by this record (Const. of N. Y. art. 6, § 89 ; Code Civ. Pro. § 191.)

O'BRIEN, J. It is important at the outset to ascertain the real nature and true character of this action. It is alleged in the complaint that on or about the first day of November, 1887, the plaintiff sold and conveyed his farm to the defendant for the consideration of $20,600, and it appears that the consideration was paid by the defendant in property or obligations. He assumed two mortgages then upon the farm. He gave his notes for a part of the price, and transferred fifty shares of stock in a manufacturing corporation to the plaintiff at par

in lieu of $5,000 of the purchase money, and the balance was paid by a mortgage which the defendant, as vendee, gave to the plaintiff on the farm. All these terms and conditions were settled by a preliminary contract between the parties. It is then stated in substance that the plaintiff was induced by fraud to accept the fifty shares of stock in lieu of $5,000 of the purchase price; that the fraud consisted in false and fraudulent representations on the part of the plaintiff as to the value of the stock, the income derived from it, and the pecuniary condition of the corporation. The defendant went into possession of the farm under the conveyance from plaintiff, and it is alleged that the plaintiff did not ascertain the facts or become aware of the fraud that had been practiced upon him until three or four years afterwards, when this action was commenced; that before bringing the suit the plaintiff offered to repay to the defendant all that he had paid, and retransfer the stock upon condition that the defendant would reconvey to him the farm, but the offer was rejected; that $5,000 of the purchase money of the farm has never been paid, but still remains a lien upon the land. The prayer of the complaint is that the plaintiff have judgment that the sum of $5,000 and the interest thereon be adjudged a lien upon the farm and that a sale thereof be decreed in accordance with the practice in foreclosure cases, for the payment of said sum with the expenses of the sale and costs of the action. The material allegations of the complaint, except the offer to restore upon condition of a reconveyance, were put in issue by the answer. The court found the facts in favor of the plaintiff, including the charge of fraud, and found as a conclusion of law that the plaintiff was entitled to judgment for the relief prayed for, with costs, and that the stock should be transferred by the plaintiff to the defendant and declared to be his property.

The judgment contained a direction for the sale of the farm for the payment to the plaintiff of the sum of $6,637.50, being the whole sum of $5,000 and the interest thereon from the date of the conveyance, and also for the satisfaction of the

30

costs of the action, but it contains no provision for a retransfer of the stock by the plaintiff to the defendant.

When fraud has been practiced in the sale and conveyance of real estate by the vendee upon the vendor, as found in this case, the vendor has two remedies. He may proceed in equity to rescind the contract by restoring or tendering to the vendee what he has paid, and in case the fraud and other facts are established, he will be entitled to a decree that the defendant reconvey the land, or the defrauded party may proceed in affirmance of the sale or contract and recover his damages at law for the deceit. The remedy in equity proceeds in disaffirmance, that at law in affirmance of the contract. The party claiming to have suffered from the fraud may elect which form of action or remedy he will pursue, but he cannot have both. (*Bradley* v. *Bosley*, 1 Barb. Ch. 125; *Mills* v. *Bliss*, 55 N. Y. 139; *Vail* v. *Reynolds*, 118 N. Y. 297; *Whitney* v. *Allaire*, 4 Denio, 558; *Krumm* v. *Beach*, 96 N. Y. 398; *Gould* v. *Cayuga Co. Nat. Bk.*, 86 N. Y. 75; S. C., 99 N. Y. 333.)

Nor can he blend the two remedies together and affirm in part and rescind in part. If he elects to rescind he must do so *in toto*. It was not open to the plaintiff in this case to retain what he had received for the farm except the stock, and insist upon rescinding as to that. Whatever exceptions to this rule may exist they are based upon circumstances and conditions that are not present in this case. (*Nichols* v. *Pinner*, 18 N. Y. 312; *Wheaton* v. *Baker*, 14 Barb. 594; *Masson* v. *Bovet*, 1 Denio, 74; *Bowens* v. *Mandeville*, 95 N. Y. 237; *Jewett* v. *Petit*, 4 Mich. 508.)

It is now pertinent to inquire which of these remedies the plaintiff has sought in this case. He demands judgment for the $5,000 and interest thereon from the time of the conveyance of the farm upon the theory that it has never been paid. It is true that he avers that before the action was commenced he offered to restore to the defendant what he had received on condition that the farm should be conveyed back to him, but this has no bearing on the question now under considera-

tion, which is, whether the plaintiff sought to recover damages in affirmance of the contract, or to rescind.

Such an offer may be made in any case before suit, but the true character of the action must be determined by the facts stated in the complaint and the relief demanded. The plaintiff did not ask for any judgment rescinding the contract, or restoring to him the farm. He did not state in his complaint that he was able or willing to restore to the defendant what he had received. He asked that $5,000 of the purchase money, which he alleged had never been paid, be declared a lien upon the land and that this lien be enforced by foreclosure and sale.

Hence, the action was upon the contract and in affirmance of it. The facts pleaded and the relief demanded fix the character of the action as one at law for damages. The plaintiff simply sought to obtain indemnity for the injury caused by the defendant through the fraud practiced, and not to restore the parties to their original position, which is the principle upon which an action in equity to rescind always proceeds. The action would probably be triable by jury but for the incidental relief demanded, that the damages be declared a lien upon the land and that this lien be foreclosed. We do not assert now that this circumstance could be sufficient to deprive the parties, or any of them, of the right to have the question of fraud tried as an issue in an action at law, but simply that the right to a lien for the damages and the enforcement of that lien was the only feature of the case that could draw the action into equity.

It was a material question in the case to determine whether the vendor's lien existed or had been waived under the · circumstances of the case, and we are of the opinion that this question was properly disposed of in the courts below. But, assuming that the action was to recover damages, we think the conclusion of the learned trial judge is not sustained by his findings of fact. His legal conclusion was that the plaintiff was entitled to the relief prayed for, that is, for the recovery of the $5,000 and interest thereon from the date of the sale and conveyance. Since the plaintiff elected to pro-

ceed upon an affirmance of the contract, he could not recover this sum unless it appeared that the stock was worthless, and no such fact is alleged, proved or found. While most of the questions discussed by the learned counsel for the defendant in the argument and on his brief were not raised at the trial by any motion, request or exception, there is an exception to the conclusion of law which raises the question whether it is sustained by the facts found. The plaintiff was entitled to recover as damages only the difference between the actual value of the stock on November 1, 1887, and its par value, which was what the plaintiff allowed for it upon the purchase price of the farm upon the belief that the defendant's representations as to its condition and value were true. In other words, the plaintiff was entitled to indemnity for his loss and nothing more. There is no finding that the stock was worthless at the time of the transfer of the farm nor as to its value then or at any other time, and without such a finding there was no basis upon which to determine plaintiff's loss or the injury which he sustained from the fraud. It does not appear that the corporation has failed, and from a statement filed in January, 1892, the assets appear to have been $387,000 and the debts $142,000. The whole capital stock was $250,000, and this statement, while showing that it was impaired, is far from showing that it was of no value. So the statement to November, 1887, while showing an impairment, leaves a large margin of property to represent the stock. This court may look into the evidence in order to see whether a finding of fact essential to the support of the judgment should not have been made by the trial court upon the evidence before it. We have examined the evidence in this record for that purpose, and we are of the opinion that it would not justify, much less require, a finding that the stock was worthless or even that it was not worth at least half its par value.

This court cannot supply a finding to support a judgment unless the evidence is conclusive, or at all events so free from conflict that the trial court was bound to make it had such a request been made. It cannot be contended that the evi-

dence in the record bearing on the value of the stock is of such a character. On the contrary, it calls for a finding that it possessed some, and perhaps considerable, value. This difficulty is not obviated by the direction in the decision of the court, that the stock be transferred to the defendant and treated as his property, a measure of relief not demanded in the complaint or carried out in the judgment. Moreover, since the plaintiff elected to proceed in affirmance of the contract to recover damages, he could not compel the defendant to receive back any part of the property which constituted the consideration for the conveyance of the farm. That would be giving to the plaintiff the right to affirm the contract in part and rescind it in part in an action at law, a proposition that has no support in reason or authority.

The judgment must be reversed and a new trial granted, costs to abide the event.

All concur, except HAIGHT, J., not sitting.

Judgment reversed.