(81 App. Div. 102.)

### WILSON v. STANDARD ASPHALT CO. et al.

(Supreme Court, Appellate Division, First Department. March 20, 1903.)

1. COMPLAINT—AMENDMENT.
　　Where, in an action for certain stock which defendant had agreed to deliver to plaintiff on the sale of certain asphalt, an interlocutory order was entered adjudging that plaintiff was entitled to recover, and a reference was made to determine the amount of asphalt sold, and on such accounting it appeared that plaintiff was entitled to stock for asphalt sold to companies other than those alleged, it was proper to allow him to amend the complaint, thereby enlarging his cause of action.

2. SAME—INTERLOCUTORY ORDER—VACATION.
　　The amendment having been allowed, the interlocutory order should have been vacated, and a new trial of the issues had as to plaintiff's right to recover under the amended pleadings.
　　Van Brunt, P. J., dissenting.

Appeal from Special Term, New York County.

Action by William J. Wilson against the Standard Asphalt Company and others. From an order allowing plaintiff to serve an amended complaint, defendants appeal. Modified and affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Frank E. Blackwell, for appellants.
Thomas F. Conway, for respondent.

INGRAHAM, J. This action was brought to compel the defendant the Standard Company, to deliver to the plaintiff certain shares of capital stock of the Northern Asphalt Paving Company under an agreement which is annexed to the complaint. The defendant answered, and the case came on for trial at the Special Term,

whereupon an interlocutory judgment was entered whereby it was adjudged that the plaintiff was entitled to recover of and from the defendant the Standard Asphalt Company a number of the shares of the capital stock of the Northern New York Asphalt Paving Company described in the complaint, and that the plaintiff is entitled to have said shares assigned and delivered to him as of the dates respectively when he became entitled thereto by reason of the sales and deliveries of asphalt by the defendant the Standard Asphalt Company to the defendant the Northern New York Asphalt Paving Company; and it was then referred to a referee to take proof and ascertain the quantity of asphalt sold and delivered by the defendant the Standard Asphalt Company to the defendant the Northern New York Asphalt Paving Company since the date of the contract set forth in the complaint. Final judgment was suspended until the coming in and confirmation of the referee's report. The accounting subsequently came on before the referee, when it appeared that at the time of the making of the contract set forth in the complaint the Northern Company had the exclusive right to use the asphalt of the Standard Company in certain cities of the state, including the cities of Troy, Schenectady, Hudson, and Lansingburgh; but that, after this contract was made, certain other companies were organized with a right to use such asphalt in these cities, and the referee would not permit the plaintiff to show the asphalt purchased by these other companies from the Standard Company, upon the ground that he was restricted by the terms of the interlocutory judgment to the asphalt actually sold to the Northern Company; whereupon the accounting before the referee was suspended, and the plaintiff made a motion at the Special Term for leave to amend his complaint, and also to reopen the trial at Special Term to enable the plaintiff to give evidence under the amended complaint. This motion coming on to be heard before the justice who tried the case at Special Term, and who entered the interlocutory judgment, the motion was granted, so far as it allowed the plaintiff to amend his complaint, and the trial and proceeding were reopened for the purpose of introducing such additional evidence as may be admissible under the amended pleadings. The question of the amendment of the decision or interlocutory judgment was, however, by the order reserved until the taking of such further evidence, if any, as might be given before the court, the plaintiff to pay to the defendant, the Standard Asphalt Company, within 10 days of the entry of the order, its taxable costs of the action, exclusive of referee's and stenographer's fees. From this order the Standard Asphalt Company appeals.

So far as this order allows the plaintiff to serve an amended complaint, we think it was proper, and should be affirmed. The case, however, having proceeded to trial upon the original pleadings, when the plaintiff was allowed to serve an amended complaint which substantially enlarged his cause of action, the interlocutory judgment and the proceedings therein necessarily fell, and a new trial of the action under the amended pleadings became necessary. By this amendment the claim of the plaintiff is substantially increased. Under the original pleadings, all that the plaintiff was

entitled to recover was the amount of stock to which he would be entitled on the sale of the asphalt by the Standard Company to the Northern Company. Under the amended pleadings, he claims to be entitled to the amount of stock represented by the sale of asphalt used in certain specific cities of the state. The defendant is entitled to a new trial of the issues as to the plaintiff's right under the amended pleadings.

As to the power of the court to allow this amendment, there can be no question. It is only in a case where a final judgment has been entered, the time to appeal from which has expired, that it has been held that the court had no power to substantially change the judgment, which has thus become final and settled the rights of the parties. Here there is no final judgment, but one interlocutory in its character. The action is proceeding, and the court had full power to set aside the interlocutory judgment and amend the pleadings so that the substantial question between the parties can be finally determined.

The order appealed from should be modified by striking out the second and third provisions, and inserting in lieu thereof a provision that the interlocutory judgment be vacated, and that the case be left to be regularly brought on for trial upon the amended pleadings, and also providing, as a condition of this amendment, that the plaintiff pay the referee's fees and stenographer's fees already incurred upon the reference, in addition to the costs ordered to be paid, and, as thus modified, the order appealed from should be affirmed, without costs of this appeal. All concur, except VAN BRUNT, P. J., who dissents.

VAN BRUNT, P. J. I dissent. The motion should have been denied, and the plaintiff left to begin a new action. Everything in this action is stricken out except the summons, and the plaintiff is allowed, under the guise of amendment, to begin a new and entirely distinct action.