ELWOOD R. GOINS and Another, Respondents, *v.* SENECA J. ATWOOD, Appellant.

Third Department, January 10, 1923.

Vendor and purchaser — action to adjudge mortgage on real property void and cancel same on ground of fraud and deceit — parties exchanged farms and plaintiffs gave back mortgage for difference — plaintiffs must offer to restore consideration — action cannot be maintained to rescind contract of exchange in part — recovery of damage cannot be had on theory of action at law — action maintainable though defendant not able to restore farm received — plaintiffs allowed to serve amended complaint under Civil Practice Act, § 105.

An action is not maintainable to have a bond and mortgage adjudged null and void and for the cancellation of the same on the ground of fraud and deceit where it appears that the mortgage was given by the plaintiffs on a farm deeded to them by the defendant on an exchange of farms and that the plaintiffs have

not offered restoration to the defendant either before the action was begun or in their complaint and have not rescinded the contract in its entirety, for an equity action cannot be maintained to rescind a contract in part.

The plaintiffs may proceed in equity for rescission and restoration or at law for damages suffered by the fraud and deceit, but they cannot proceed on both theories at the same time, and, therefore, they should not have been allowed damages in this action in equity on the theory of an action at law.

The fact that the defendant has placed himself in a position where it will not be possible for him to restore to the plaintiffs the farm received by him in exchange does not prevent the plaintiffs from maintaining an action in equity to rescind the entire contract, for in such a case if the defendant is alone at fault equity will entertain the action and render such judgment as equity may demand.

However, the plaintiffs will be permitted under section 105 of the Civil Practice Act to serve an amended complaint so that the substantial issue between the parties may be determined, but the mistake and defect in the pleadings and on the trial were not such that the Appellate Division could disregard them.

APPEAL by the defendant, Seneca J. Atwood, from a judgment of the Supreme Court, in favor of the plaintiffs, entered in the office of the clerk of the county of Broome on the 18th day of May, 1922, upon the decision of the court rendered after a trial before the court without a jury, and also from an order entered in said clerk's office on the same day granting plaintiffs an extra allowance.

*H. J. Hennessey,* for the appellant.

*Jenkins, Deyo & Hitchcock* [*C. H. Hitchcock* of counsel], for the respondents.

VAN KIRK, J.:

The plaintiffs and the defendant exchanged farms, the defendant's farm being valued at $13,500, and the plaintiffs' farm at $6,350. Plaintiffs gave to defendant a mortgage on the farm they acquired in the sum of $7,150, and a chattel mortgage as collateral thereto. The defendant conveyed the farm he acquired to a third party, receiving a mortgage thereon in part payment, which he sold to a fourth party. Because of these facts it is asserted that the parties cannot be placed in their respective positions prior to the exchange. The complaint contains charges of fraud and false representations by the defendant, on which plaintiffs relied in making the exchange; also allegations that the defendant's farm was worth not to exceed $6,350, and there was no consideration for the bond and mortgage of $7,150; but no allegation of an offer or tender of restitution. In the prayer plaintiffs ask that the bond and mortgage given by them to the defendant be adjudged null and void and without consideration; that these may be surrendered up to the plaintiffs, together with the chattel mortgage, and be canceled of record. The court finds that plaintiffs were damaged in the sum of $7,000; that the bond and mortgage was without consideration,

except to the extent of $150; awards judgment to plaintiffs in the sum of $7,000, with interest, and directs that this sum be set off against and applied upon the bond and mortgage. While this action was viewed by the court to be an action in equity and the trial was begun as an equity action before the court without a jury, it ended as an action to recover damages for fraud and deceit. (*Bradley* v. *Aldrich,* 40 N. Y. 504, 509.)

When a party has been defrauded in a contract for exchange of property, he may proceed in equity to rescind the contract, restore or offer to restore what he has received from the defendant, and, if he has been defrauded, have judgment for full restoration, with a reconveyance of the land the defendant received from him; this is an action in equity, triable by the court. Or he may affirm the contract and recover such damages as he has suffered by the fraud; this is an action at law triable by jury. A plaintiff may elect which form of action he will prosecute, but he cannot prosecute both. He cannot affirm the contract in part and disaffirm in part. He cannot in equity retain a part of that which he has received in the exchange of property, and at the same time claim rescission; the two positions are incompatible. The rescission must be complete or not at all. (*Yeomans* v. *Bell,* 151 N. Y. 230, 234.) The plaintiffs in this action have not tendered restoration to the defendant, either before action begun or in their complaint, and have not rescinded their contract *in toto.* (*Hammond* v. *Pennock,* 61 N. Y. 145.) They would retain the farm which they received from defendant.

When a defrauded party brings an action for rescission, a defendant wrongdoer cannot prevent a rescission and restoration, as far as within his power, by showing that he has done acts which prevent full restoration; in such case, if the wrongdoer is alone at fault, equity will entertain the action and, making a reasonable application of its rules, will adjudge as to him and his acts whatever fair dealings require under all the circumstances. (*Butler* v. *Prentiss,* 158 N. Y. 49; *Hammond* v. *Pennock, supra.*)

The judgment and order should be reversed.

But we do not think it is necessary to dismiss the complaint. Section 105 of the Civil Practice Act permits that "At any stage of any action, special proceeding or appeal, a mistake, omission, irregularity or defect may be corrected or supplied, as the case may be, in the discretion of the court, with or without terms, or, if a substantial right of any party shall not be thereby prejudiced, such mistake, omission, irregularity or defect must be disregarded." We do not think the mistake and defect here may be disregarded upon this appeal. We may, however, allow plaintiffs to serve an

amended complaint, so that the substantial issue between the parties may be determined. (*Wilson* v. *Standard Asphalt Co.,* 81 App. Div. 102.)

The judgment and order should be reversed and the complaint dismissed, with costs to the appellant, unless plaintiffs, if so advised, serve an amended complaint within twenty days, in which case the judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

H. T. Kellogg, Acting P. J., Kiley, Hinman and Hasbrouck, JJ., concur.

Judgment and order reversed on the law and the complaint dismissed, with costs to the appellant, unless the plaintiffs, if so advised, serve an amended complaint within twenty days, in which case the judgment and order are reversed and a new trial granted, with costs to the appellant to abide the event.