therewith by the defendant. Starting with the title to the land in the town of Hempstead, by virtue of a grant from William Kieft, the Dutch Governor of the New Netherlands, to the Rev. Robert Fordham and others, dated November 16, 1644, confirmed by a patent from the English Governor, Thomas Dongan, dated April 17, 1685, the plaintiff assumed the burden of proving title out of the defendant and in himself. For the purpose of sustaining the burden thus assumed, the plaintiff introduced an order, known in the case as the fencing order, made at a town meeting of the town of Hempstead on the 17th day of April, 1659, and a quitclaim deed from from fifty-eight persons to Jacob Hicks, dated June 7, 1725. Giving to the fencing order and the deed the force and effect claimed for them by the plaintiff, we cannot find that they embrace the land in question. The designation of the premises in the order and deed is quite too general and uncertain to constitute a basis for a judgment in favor of the plaintiff. It is essential to the validity of a grant that the premises upon which it is to operate must be so described therein that they can be identified, and if the intention of the parties cannot be discovered the conveyance is inoperative. (*Coleman* v.

*Manhattan Beach Co.*, 94 N. Y. 232; *Jackson* v. *Rosevelt*, 13 Johns. 97; *Peck* v. *Mallams*, 10 N. Y. 509.) As that uncertainty seems to be an insuperable obstacle in the way of the plaintiff, further examination is rendered unnecessary. The judgment should be affirmed, with costs.

In the Matter of Petition of the Brooklyn Elevated Railroad Company Relative to Acquiring Title to Land, etc., on Lexington Avenue, Brooklyn. (Lands of Poellman.) — Final order affirmed, with costs.—

DYKMAN, J.: It does not appear in this case that any erroneous principle was adopted by the commissioners in making their award, or that any allowance was made for noise. It is not usual for an appellate court to interfere with awards of commissioners upon the question of damages merely, and we find no reason for such interference in this case. The order should be affirmed, with ten dollars costs and disbursements. Brown, P. J., and Cullen, J., concurred.

In the Matter of the Petition of Ann P. R. Kirkland for the Revocation of Letters of Administration Issued to T. Chesley Richardson and James H. Moran, Administrators, on Estate of Thomas Richardson, Deceased.—Order of the surrogate affirmed. All concur. No opinion.

---

# FIFTH DEPARTMENT, DECEMBER TERM, 1894, ADJOURNED FROM OCTOBER, 1894.

William R. Hersberger, Respondent, v. Rowland L. Barton and Others, Appellants.— Order appealed from affirmed, with ten dollars costs and disbursements. Haight, J., absent.

Daniel W. Jones, Respondent, v. William R. Crum and Others, Appellants.— Judgment appealed from reversed and new trial granted, costs to abide the event on decision of the same case in 25 N. Y. St. Repr. 771; S. C., 6 N. Y. Supp. 388. Lewis, J., not sitting.

Henry Walbbaum, Plaintiff, v. The James Cunningham Sons & Co., Defendant.— Plaintiff's motion for a new trial denied and judgment ordered for the defendant on the nonsuit. Bradley, J., not sitting.

Baxter Simmons and Others, Appellants, v. Myron L. Burrall, as Executors, etc., Respondents.— Appeal dismissed, without costs to either party upon stipulation of the attorneys.

Olney Dean, Respondent, v. City of Niagara Falls, Appellant.— Judgment appealed from affirmed. Haight, J., absent.

Carrie Vogel, Respondent, v. Libbie Miller, as Executrix, etc., Appellant.— Judgment and order appealed from affirmed.

David Wright, Respondent, v. James Shanahan, as Superintendent of Public Works of the State of New York, and James Shanahan, Appellants.— Judgment appealed from affirmed, with costs, without prejudice to a motion at Special Term to conform the judgment to the decision of the trial court.

William H. Ketchum, Respondent, v. Eugene E. Lewis, Appellant.— Judgment appealed from affirmed, with costs.

Simpson D. Travis and Others, Appellants, v. The Board of Supervisors of Allegany County and Others, Respondents.— Order appealed from affirmed, with ten dollars costs and disbursements.

Emma Blanchard, Appellant, v. Amos J. Tompkins, Respondent.— Judgment of the County Court of Chautauqua county appealed from affirmed.

William H. Scott and Others, Appellants, v. Andes Lown and Another, Respondents.— Judgment and order appealed from affirmed.

Patrick Riley, Appellant, v. Elijah Hallett, Respondent.— Judgment appealed from affirmed on the principle adjudicated in *Evarts* v. *Kiehl* (102 N. Y. 296). Bradley, J. dissenting.

The First National Bank of Salem, Appellant, v. Joseph Davis, Respondent.— Judgment appealed from affirmed.

Patrick V. Byrnes, Respondent, v. Juliette S. Lewis, Appellant.— Order modified by striking out all except the third provision thereof, and, as so modified, affirmed, without costs of this appeal to either party. (See opinion in *Patrick V. Byrnes*, Respondent, v. *Henry N. Lewis*, Appellant, reported, *ante*, p. 310.)

Patrick V. Byrnes, Respondent, v. M. Fannie Lewis, Appellant.— Order reversed and motion denied, with ten dollars costs and disbursements. (See opinion in *Patrick V. Byrnes*, Respondent, v. *Henry N. Lewis*, Appellant, reported, *ante*, p. 310.)

Patrick V. Byrnes, Respondent, v. Nellie Lewis, Appellant.— Order modified by striking out the second provision thereof, and as so modified affirmed, without costs of this appeal to either party. (See opinion in *Patrick V. Byrnes*, Respondent, v. *Henry N. Lewis*, Appellant, reported, *ante*, p. 310.)

John F. Hafner, Respondent, v. Emma L. Hafner, Appellant.—Judgment appealed from affirmed.

Marion J. Palmer, Appellant, v. Wesley D. Leonard, Respondent. — Judgment of the County Court of Steuben county appealed from affirmed.

## Motions.

Martha Braman, Respondent, v. William E. Stevens and Others, Executors, etc., Appellants.—Motion for re-argument denied.

Charlotte Thon, Respondent, v. The Rochester Railway Company, Appellant.—Motion for re-argument denied. Lewis, J., not voting. Bradley, J., not sitting.