GREEN v. STEWART et al.

(Supreme Court, Appellate Division, First Department. June 11, 1897.)

EQUITY JURISDICTION—RETENTION OF CAUSE—LEGAL RELIEF.
   In a suit for specific performance of a contract to convey land, and to set aside, as in fraud of plaintiff's rights, a conveyance by the defendant vendor to his co-defendant, the answer of both defendants alleged that the conveyance was for value, and that plaintiff had an adequate remedy at law for damages against the vendor. Held, that on plaintiff's failure to establish a right to have the conveyance set aside as fraudulent, and the consequent dismissal as to the grantee, it was error for the court, over the vendor's objection, to retain the cause, as against him, for the purpose of enabling plaintiff to prove damages.

Appeal from special term.

Suit by Samuel Green against John Stewart and another.   From a judgment against defendant Stewart, he appeals.   Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, O'BRIEN, INGRAHAM, and PARKER, JJ.

Howard A. Sperry, for appellant.

Daniel P. Hays, for respondent.

PARKER, J. This suit was brought on the equity side of the court, the complaint alleging an agreement on the part of the defendant John Stewart to convey to the plaintiff certain premises therein described, and a subsequent conveyance of the same premises to the defendant Weiss. It charged that the conveyance from Stewart to Weiss was fraudulent, and the relief demanded was that the conveyance from Stewart to Weiss be set aside as fraudulent and void as against the plaintiff, and the defendant Stewart compelled specifically to perform his agreement with the plaintiff, and that the plaintiff have the costs and disbursements of the action, and such other and further relief as to the court should seem just. The defendants Stewart and Weiss answered separately, but each of them admitted the conveyance from Stewart to Weiss, alleging that the same was for a valuable consideration, and further alleging that the plaintiff had an adequate remedy at law for damages against the defendant Stewart, "who is financially solvent, and able to respond in damages for the breach of any contract to which he is a party, and that this plaintiff cannot maintain his action in equity by reason of such fact"; and a dismissal of the complaint was demanded, with costs. Upon the trial, the plaintiff failed to establish a right to have the conveyance from Stewart to Weiss set aside as fraudulent, and the court promptly dismissed the complaint as to Weiss. The defendant Stewart also moved to dismiss the complaint, and to a denial of that motion by the court an exception was taken which calls for a reversal of the judgment. The court retained the case for the purpose of enabling the plaintiff to prove his damages, after it had been established that he was not entitled to relief on the equity side of the court. If such a procedure could be tolerated, a party having an action maintainable at law, but which he would prefer not to have presented to the consideration of a jury, could quite frequently so frame his pleading as to entitle him to go to trial before the court on its equity side, and then claim the right to have the court award the damages in violation of the constitutional guaranty of a right of trial by jury. The right of trial by jury the defendant could have waived, but he did not. He insisted in his answer that the plaintiff had an adequate remedy at law, and by reason thereof could not maintain this suit. When, then, the plaintiff had rested without establishing any right to relief on the equity side of the court, and it became apparent that the only remedy he ever had was at law, it became the duty of the court, in view of the answer of defendants, to have dismissed the complaint as to the defendant Stewart as well as to the defendant Weiss. Bradley v. Aldrich, 40 N. Y. 504; Ketchum v. Depew, 81 Hun, 278, 30 N. Y. Supp. 794.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.