(16 App. Div. 454.)

FITZSIMONS v. DROUGHT et al.

(Supreme Court, Appellate Division, First Department. April 23, 1897.)

PLEADING—LEGAL OR EQUITABLE RELIEF.

A complaint stated that plaintiffs rendered services to defendant as brokers in the sale of defendant's real estate; that defendant exchanged the premises with a third person, and requested plaintiffs to wait for their commissions until a sale of the premises taken in exchange; that afterwards defendant conveyed such premises to his co-defendant; that the conveyance was intended to defraud plaintiffs; and that plaintiffs are remediless at law. The prayer for relief was that the deed be set aside, and a lien on the premises be decreed in favor of plaintiffs. *Held*, that such complaint contemplated only equitable relief, and plaintiffs could not claim any right to legal relief thereunder.

Appeal from special term, New York county.

Action by Thomas P. Fitzsimons against William Drought and another. From an order sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

The complaint is as follows:

The plaintiffs, by James P. Campbell, their attorney, for a complaint against the defendants, allege as follows: First. That the plaintiffs now are, and at the times hereinafter mentioned were, engaged in business as co-partners in the city of New York, as real-estate agents and brokers, under the firm name or style of Fitzsimons & Smith. Second. That the defendant William Drought was engaged in business in the city of New York as a builder of dwelling houses. Third. That heretofore, and on the 29th day of July, 1896, these plaintiffs, at the special instance and request of the defendant William Drought, rendered services to the said defendant William Drought, as brokers in a sale for said defendant of real estate in the city of New York, known as "No. 155 West Eightieth Street," New York City, for the sum of thirty-eight thousand dollars; that the usual commissions to which these plaintiffs became entitled upon the sale of said premises amount to the sum of three hundred and eighty dollars. Fourth. That in part payment for the said premises, No. 155 West Eightieth street, the said defendant William Drought took from the purchaser of said premises, at a valuation of twenty-three thousand dollars, a lot and the dwelling house erected thereon in West Seventy-First street, New York City, more particularly described as follows: "All that certain lot, piece, or parcel of land, with the building and improvements thereon erected, situate, lying, and being in the Twenty-Second ward of the city of New York, and bounded and described as follows: * * *." Fifth. That at such time the defendant William Drought requested these plaintiffs to refrain from collecting the usual commissions to which they were entitled on the sale of the premises in West Seventy-First street, above described, proposing that the amount of plaintiffs' commissions should be fixed by the price at which the defendant William Drought should sell the Seventy-First street premises. Sixth. That the plaintiffs agreed to await the sale of the Seventy-First street premises, upon condition that the defendant William Drought should use due diligence to make a bona fide sale thereof, and that if the said premises in Seventy-First street were sold for less than twenty-three thousand dollars, that then the plaintiffs' commissions of three hundred and eighty dollars should be reduced one per cent. of the difference between the selling price and twenty-three thousand dollars; and, if said premises were sold for more than twenty-three thousand dollars, that then plaintiffs' commissions of three hundred and eighty dollars should be increased one per cent. of the difference between the selling price and twenty-three thousand dollars. Seventh. That thereafter, and on the 17th day of September, 1896, the defendant William Drought, by an instrument in writing bearing date on that day, and recorded in the office of the register of the city and county of New York on the 19th day of September, 1896, purported to convey said premises in West Seventy-First street above described to one Cath-

arine Walsh, who is, as these plaintiffs are informed and believe, a sister-in-law of the defendant William Drought. Eighth. On information and belief, that the said instrument in writing purporting to convey said premises to the defendant Catharine Walsh was made without consideration, and solely for the purpose of defrauding these plaintiffs of the commissions honestly earned and rightfully belonging to them. Ninth. That, notwithstanding such pretended conveyance, the defendant William Drought is still the owner of said premises. Tenth. That these plaintiffs demanded of the defendant William Drought that he make a bona fide sale of the said premises, and pay these plaintiffs the commissions due them out of the proceeds; but the said defendant William Drought refused and neglected, and still refuses and neglects, to carry out his agreement with these plaintiffs. Eleventh. These plaintiffs allege they are advised by counsel, and verily believe, that they are remediless at law, and cannot bring any action to recover their commissions in a court of law, but are compelled to sue in a court of equity to enforce the agreement above set forth. Twelfth. That unless the deed above set forth made by the defendant William Drought to the defendant Catharine Walsh be declared null and void and set aside, and these plaintiffs be decreed to have an equitable lien upon said premises, they will suffer great and irreparable damages by reason of the premises. Wherefore these plaintiffs demand judgment: (1) That the deed made by the defendant William Drought to the defendant Catharine Walsh, purporting to convey the premises above set forth, and which was recorded in the office of the register of the city and county of New York on the 19th day of September, 1896, be declared null and void. (2) That these plaintiffs be decreed to have an equitable lien upon the said premises, and that the said premises be sold, and out of the proceeds thereof these plaintiffs be paid the commissions due them with their costs, and that the balance of such proceeds be paid into this court. (3) That the plaintiffs may have such other and further relief in the premises as may be just and proper.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and PARKER, JJ.

James P. Campbell, for appellant.
M. Sichel and Paul N. Turner, for respondents.

PATTERSON, J.    It is obvious on the face of the complaint in this action that the plaintiffs are not entitled to equitable relief. They have no lien and no right to a lien on the real estate, and cannot reach it to enforce against it a mere claim for brokers' fees.    The only real question now before the court is whether the plaintiffs are entitled to recover upon a legal cause of action under the averments of the complaint.    Manifestly they are not as against the defendant Walsh, with whom they never stood in contract relations.    It is urged, however, that enough appears to charge the defendant Drought with liability for damages for the breach of the contract to sell the real estate, and thereby have a sum ascertained and fixed upon which the plaintiffs would be entitled to a commission for services rendered by them to Drought in the transaction mentioned in the complaint.    That a complaint may properly present the facts of a case in a double aspect, so that the plaintiff would be entitled either to legal or equitable relief, is well settled (Bradley v. Aldrich, 40 N. Y. 512; Hale v. Bank, 49 N. Y. 626; Sternberger v. McGovern, 56 N. Y. 12; Margraf v. Muir, 57 N. Y. 159; Wheelock v. Lee, 74 N. Y. 500); but, looking at the averments of this complaint, it conclusively appears that it was framed for equitable relief alone.    Its object was to have Drought's conveyance to Walsh declared null and void, to have a lien fastened upon

the premises, to have such premises sold, and the proceeds applied first to the payment of commissions due the plaintiffs, and then the balance paid into court. A personal claim for a money demand is not suggested; on the contrary, the allegation of the complaint is that the plaintiffs "cannot bring any action to recover their commissions in a court of law." Confessedly, they did not intend to sue at law for such commissions, and, although they may be mistaken in their view of their rights, and may have a legal cause of action against Drought, they have not so set forth the facts as to enable them to recover either on their original or modified agreement independently of the circumstances they conceived authorized them to sue for purely equitable relief. The whole scheme of the complaint is to enforce in equity, by a resort to land the title to which is in a stranger to the transaction, a brokers' contract for commissions, and it cannot be turned into a mere legal action for brokers' fees against the party liable to the brokers.

The judgment must be affirmed, with costs. All concur.