(68 Misc. Rep. 143.)

### TAYLOR et al. v. DINSMORE et al.

(Supreme Court, Special Term, New York County.   June, 1910.)

1. LANDLORD AND TENANT (§ 34*)—LEASES—RIGHT TO RESCIND.

Where a landlord fails to perform a covenant in a lease to adapt the premises to the tenant's business, the right to rescind the lease is in the tenant and cannot be exercised by the tenant's sureties, and, in the absence of a rescission by the tenant, the sureties may not recover back bonds deposited to secure performance of the lease by the tenant.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 34.*]·

2. CANCELLATION OF INSTRUMENTS (§ 10*)—JURISDICTION—ADEQUATE REMEDY AT LAW.

The surety of a tenant deposited with a trust company bonds to secure performance by the tenant under an agreement with the company that the bonds should not be delivered back within a certain time, and the lease became void by failure of the landlord to adapt the premises to the tenant's business as it agreed to do, and it was doubtful whether plaintiff could maintain a possessory action at law to recover the bonds until expiration of the prescribed period, or that in any action at law it could be adjudged that such agreement had become void. *Held*, that a suit in equity would lie to cancel the agreement of the surety and direct the return of the bonds.

[Ed. Note.—For other cases, see Cancellation of Instruments, Dec. Dig. § 10.*]

Action by Charlotte E. Taylor and another against William B. Dinsmore and others.   On demurrer to the complaint.   Demurrer overruled.

Eugene A. Philbin and Lucas C. Kells, for plaintiffs.
Walter G. Merritt, for William B. Dinsmore, Helen G. Huntington, and Madeleine I. Dinsmore.

GOFF, J.   The complaint is in equity, praying for a decree canceling plaintiffs' written guaranty for payment of rent and directing a return of certain bonds deposited in escrow to secure the guaranty. It names as parties defendant certain individuals who are owners of the demised premises and obligees in the agreement, Louise & Co., a corporation, which is the lessor and plaintiffs' principal, and the Windsor Trust Company, a corporation, which is depositary of the bonds. The individual defendants demur on the ground that the complaint does not state facts sufficient to constitute a cause of action.   The facts, as may be gathered from the allegations of the complaint and from copies of written instruments which are attached to and form part of it, are as follows:   The individual defendants executed to defendant Louise & Co. a lease of certain premises in the city of New York for the term of 21 years from August 1, 1908, being induced to do so by plaintiffs' guaranty, which covered rent accruing during the first five years of the lease.   To better secure performance of their guaranty, plaintiffs agreed to deposit certain bonds in escrow to remain with the depositary for 5 years and 30 days from September 1, 1908, and not to be returned to plaintiffs until the expiration of that period, and not then if within the 30-day period the parties guaranteed should make

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

demand for any part of them. The bonds were deposited with the trust company in accordance with the terms of the agreement. Simultaneously with the execution of the lease and the guaranty, which bear the same date, there was executed another agreement, in which defendant promised their prospective tenant, Louise & Co., to remodel and renovate the demised premises before August 1, 1908, in accordance with plans and specifications which were annexed, so as to adapt them to the tenant's business. The owners failed and refused to remodel and renovate, and the complaint alleges that:

"By reason thereof the lease never went into effect, and defendant Louise & Co. never went into possession or became tenant thereof, but that said lease became and is null and void, and any and all obligations of said Louise & Co. thereunder were and are dissolved and terminated."

Plaintiffs' allegations that the lease never went into effect and that it became null and void may be criticised not only as contradictory, but as conclusions of law which are not admitted by the demurrer and which do not follow from the facts pleaded, viz., that the landlords have not remodeled or renovated the building and have not taken possession. Seacord v. Pendleton, 55 Hun, 579, 9 N. Y. Supp. 46. The right to rescind for nonperformance is in Louise & Co., and not in the sureties. There is no allegation that Louise & Co. has made an election to rescind. In the absence of an election it may yet waive full performance on the part of the owners and obtain possession at any time. But counsel for the individual defendants says in his reply brief:

"We are certainly entitled to interpret the complaint as it appears, and for the purpose of the demurrer accept the allegation that the lease the performance of which is guaranteed is null and void and never became operative."

As counsel for the defendants thus accepts the allegation as one of fact, it may be so construed. The nullification of the original agreement released the sureties and the property pledged by them. Wright Steam Engine Works v. McAdam, 113 App. Div. 872, 99 N. Y. Supp. 577. The objection to the complaint is that it is fundamentally defective in failing to disclose grounds for equitable relief. Plaintiffs contend that the objection is not properly presented by demurrer. When the courts of law and equity were distinct, a demurrer was an appropriate means of raising such an objection; but it is now possible for the court at Special Term to send the complaint to Trial Term if on its face the plaintiff appears to be entitled to relief at law, and this is the better practice, except in cases like the present, where the relief prayed for is wholly equitable and the complaint is addressed wholly to the equitable side of the court. In such cases the demurrer may be sustained, even though the facts alleged in the complaint disclose a cause of action at law. Black v. Vanderbilt, 70 App. Div. 16, 74 N. Y. Supp. 1095; Allerton v. Belden, 49 N. Y. 373, 379; Fitzsimmons v. Drought, 16 App. Div. 454, 45 N. Y. Supp. 44. It is said in Willard's Equity Jurisprudence (Potter's Ed., p. 304) that relief by way of cancellation and delivery up may be afforded only in one of the following cases:

"(1) When the plaintiff alleges that the instrument which he prays may be surrendered or canceled is void upon grounds of which a court of equity

alone may take cognizance; (2) when the instrument is a deed or other document concerning real estate; (3) when the instrument is negotiable in its character as a bill of exchange and the putting of it into circulation would be a fraudulent act; (4) where the plaintiff claims to have a defense valid in law, but which rests upon evidence which he is in danger of losing if the adverse party is suffered to delay in the prosecution of his claims."

This statement of the law is manifestly taken from the opinion in Field v. Holbrook, 6 Duer, 597. Defendants now contend that the situation disclosed by the complaint is not one that can be classified as any of the foregoing. They urge in effect that it is not a cause cognizable solely in equity, and that plaintiffs have an adequate remedy at law by possessory action against the stakeholder. If that proposition be true, the demurrer should be sustained; but is it? If plaintiffs should bring a possessory action at law, it would be at least doubtful if they could not be met by an answer of the trust company setting up that the bonds in question are held by them in accordance with the terms of a tripartite contract between themselves, the individual defendants, and the plaintiffs; that is to say, that the trust company contracted with the landlords and sureties, among other things, that there should be no delivery of the bonds until 5 years and 30 days should elapse after September 1, 1908, and not then unless within the 30-day period the individual defendants should make no claim for the bonds. That agreement was as much for the benefit of the trust company as of the landlords. One of its purposes was the assurance of the trust company against claims by the other parties to the agreement, and this was effected by prescribing terms on which there might be a delivery of the bonds to plaintiffs. If the trust company had accepted the securities in escrow without any such stipulation, then on rescission of the lease the law would impose on the depositary the duty to return the bonds, but conventio vincit legem. The trust company is not in default because the contracted period of deposit has not expired. The stakeholder's agreement with the plaintiffs could not be rescinded by rescission of the contract between the landlords and Louise & Co., to which the stakeholder was not a party and which it did not guarantee. It is doubtful if in any action at law there can be an adjudication that the stakeholder's agreement has become void. If plaintiffs sue in replevin they cannot allege in their complaint that they are entitled to possession at the beginning of the action; they are not so entitled because the stakeholder's agreement will remain in force until judgment. Without such an allegation the complaint would be demurrable. Wheeler v. Vanderveer, 88 Hun, 233, 34 N. Y. Supp. 799.

It is also doubtful if the plaintiffs can maintain a suit in conversion because the trust company, until an adjudication that its contract is void, may lawfully refuse delivery until the expiration of 5 years and 30 days from September 1, 1908, and no complaint in conversion can be framed until there has been unlawful refusal to deliver. There being, then, no doubt as to plaintiffs' right of action at law, and because the equitable side of the court is the most convenient forum for a complete determination of the controversy, the complaint should be retained. Ludlow v. Simond, 2 Caines, Cas., Thompson, J., page 39; Kent, Ch. J., page 54, 2 Am. Dec. 291.

The demurrer is overruled, with costs, with leave to answer on payment of costs and within 20 days of service of a copy of the interlocutory judgment to be entered hereon and notice of entry thereof.

Demurrer overruled.