Merry Realty Company, Incorporated, Appellant, *v.* Shamokin and Hollis Real Estate Company, Incorporated, Respondent, Impleaded with Others.

**Fraud and deceit — contract — equity — action for rescission of exchange of real property on ground that exchange had been brought about by false representations — when judgment for damages and not for rescission erroneous.**

1. The remedies for fraud are (1) an action for deceit in tort; (2) in proper cases an informal rescission of the contract at law and a recovery of what has been parted with thereunder; (3) in proper cases

a formal decree of rescission or cancellation in equity and a recovery of what has been parted with thereunder; (4) a defense against the enforcement of the executory promise induced by the fraud. The election of one of these remedies is a waiver of the others and if rescission is the remedy selected it must be in whole and not in part. If there be an affirmance it must be of all the terms and conditions of the transaction. Rescission and an action for damages are inconsistent remedies and cannot co-exist, as one rests upon the avoidance of the contract and the other upon its affirmance.

2. A court of equity, where it appears that rescission has become impossible, may grant money damages in lieu thereof, but where, in an action brought to foreclose a mortgage given as part of the consideration of an exchange of real property, the defendant alleged in its answer that the exchange had been brought about by false representations, fraud and deceit on the part of the plaintiff, and asked for a rescission of the exchange and a recovery of the land transferred by defendant, tendering a deed of the property received from plaintiff in exchange and asking judgment for the damages caused by plaintiff's acts and the judgment rendered by the court was not for rescission but for damages as in an action at law, the relief granted was inconsistent with the pleadings and the theory of the action.

*Merry Realty Co.* v. *Shamokin & Hollis Real Estate Co.*, 186 App. Div. 538, reversed.

(Argued February 2, 1921; decided March 1, 1921.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 5, 1919, unanimously affirming a judgment in favor of defendant entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Murray Hulbert, Benjamin F. Schreiber* and *John M. O'Neil* for appellant. The relief demanded by defendant in its counterclaim was for a complete rescission and the court erred in rendering a judgment which was in opposition with and in direct hostility to the prayer for relief. (*Dudley* v. *Congregation of St. Frances,* 138 N. Y. 451; *Bermel* v. *Harnischfeger,* 97 App. Div. 402; *Neudecker* v. *Kohlberg,* 81 N. Y. 296; *Graham* v. *Read,* 57

N. Y. 681; *R. E. Bank* v. *Eames,* 4 Abb. Ct. App. Dec. 85; *Truesdell* v. *Searles,* 104 N. Y. 164; *Anonymous,* 15 Abb. Pr. [N. S.] 171; *Canton Brick Co.* v. *Howlett,* 169 N. Y. 293; *E. & B. Live Stock Co.* v. *Blackburn,* 70 Fed. Rep. 949; *Heywood* v. *City of Buffalo,* 14 N. Y. 534.) The judgment rendered by the trial court cannot be upheld under the doctrine of recoupment, because the defendant prayed for a rescission of the contract. (*Gillespie* v. *Torrance,* 25 N. Y. 306; *Vassar* v. *Livingston,* 13 N. Y. 248.) The defendant having unequivocally manifested its election to completely rescind the contract both before and at the trial it was bound by its election and the court erred in granting a partial rescission of the contract, since the contract must be rescinded *in toto,* if at all. (*Bailey* v. *Fear,* 182 App. Div. 331; *Moller* v. *Tuska,* 87 N. Y. 166; *Hayward* v. *Wemple,* 152 App. Div. 195; *McNaught* v. *Equitable Life Assur. Society,* 136 App. Div. 774; *Gatling* v. *Newell,* 9 Ind. 571; *Rodermund* v. *Clark,* 46 N. Y. 354; *Mills* v. *Parkhurst,* 126 N. Y. 89.) The well-recognized rule that a court of equity having obtained jurisdiction of the parties and of the subject-matter of the action will adapt its relief to the exigencies of the case has no application in the case at bar. (*Valentine* v. *Richardt,* 126 N. Y. 272; *Dudley* v. *Congregation,* 138 N. Y. 451.) The trial court erred in rendering a personal money judgment in favor of defendant, since no personal judgment for deficiency was demanded by the plaintiff. (*Lipman* v. *Jackson A. I. Works,* 128 N. Y. 58; *Lathrop* v. *Godfrey,* 3 Hun, 739; *Hunt* v. *Chapman,* 21 N. Y. 555; *Nat. F. Ins. Co.* v. *McKay,* 21 N. Y. 191; *Merchants National Bank* v. *Snyder,* 52 App. Div. 606; *American Guild* v. *Damon,* 186 N. Y. 360.)

*Frederick N. Van Zandt, George F. Hickey* and *Herbert A. O'Brien* for respondent. The evidence supports the findings of facts and this court is bound by these findings. (*Ostrom* v. *Greene,* 161 N. Y. 353; *Costello* v. *Costello,* 209

N. Y. 252; *Villard* v. *Villard*, 219 N. Y. 482; *Race* v. *Krum*, 222 N. Y. 410; *Ten Eyck* v. *Whitbeck*, 156 N. Y. 341; *Cowee* v. *Cornell*, 75 N. Y. 91; *Sheehan* v. *Erbe*, 77 App. Div. 176; *Dolan* v. *Cummings*, 116 App. Div. 788; 193 N. Y. 638; *Gugel* v. *Hiscox*, 138 App. Div. 61, 73; *Green* v. *Roworth*, 113 N. Y. 462; *Rosevear* v. *Sullivan*, 47 App. Div. 421.)   The judgment entered correctly adjusted the rights of the parties. (*Valentine* v. *Richardt*, 126 N. Y. 272.)   The court below was correct in deciding that under the doctrine of recoupment the defendant is entitled to judgment. (*Harrington* v. *Stratton*, 22 Pick. 510; *Dushane* v. *Benedict*, 120 U. S. 630; *McAllister* v. *Reab*, 4 Wend. 483; *Whitney* v. *Allaire*, 4 Den. 554; *Van Epps* v. *Harrison*, 5 Hill, 63; *Gillespie* v. *Torrance*, 25 N. Y. 306; *Wilcox* v. *Howell*, 44 N. Y. 298; *Tassel* v. *Pati*, 25 Misc. Rep. 561; *Fairchild* v. *McMahon*, 139 N. Y. 290; *M'Hardy* v. *Wadsworth*, 8 Mich. 349.)   The trial court had power to render a money judgment against plaintiff. (*Valentine* v. *Richardt*, 126 N. Y. 272; *Goss & Co.* v. *Goss*, 147 App. Div. 703; 207 N. Y. 742; *Buffalo Loan Co.* v. *Medina Gas Co.*, 12 App. Div. 207.)

CRANE, J.   The Shamokin & Hollis Real Estate Company, Incorporated, composed of people living in Shamokin, Pennsylvania, owned a block of lots at Hollis, Long Island.   The plaintiff, the Merry Realty Company, Incorporated, owned No. 1057 Bergen street in the borough of Brooklyn.   The companies exchanged their properties, the Merry Realty Company, Inc., acting through one Henry B. Martin, a mere dummy.   The trial court found upon ample evidence that the Merry Realty Company, Inc., brought about the exchange by means of gross fraud and deception.   These findings have been unanimously affirmed by the Appellate Division and we have no desire to disturb them even if we had the power so to do.

A question has arisen, however, as to the practice

followed by the trial court in the relief granted by the judgment.

Upon discovering the fraud the Shamokin & Hollis Real Estate Company, Inc., began an action against the plaintiff for rescission which action was pending at the time this suit was begun.

The present action was commenced by the Merry Realty Company to foreclose a second mortgage of $6,000 which was part of the consideration for the exchange. The defendant, Shamokin & Hollis Real Estate Company, set up in its counterclaim the facts of the fraud and asked for a rescission of the exchange and a recovery of its Hollis lots.

The answer is not as specific in the demand for relief under this counterclaim as it might have been. The twenty-second allegation thereof reads as follows:

" That by reason of all of these misrepresentations, fraud and deceit on the part of the plaintiff, its officers and agents, the said defendant has been damaged to the extent of $29,000, and the said defendant hereby tenders to the plaintiff a deed for the property, 1057 Bergen Street."

The prayer for relief is as follows:.

" Wherefore the said defendant demands judgment against the plaintiff that the mortgage herein be set aside and cancelled and that the defendant the Shamokin & Hollis Real Estate Company have judgment against the plaintiff in the sum of $29,000 damages, together with the costs and disbursements of this action."

Thus the defendant tenders back the property and asks the court to cancel the mortgage and to award it damages.

It is quite evident from a tender of the deed made in the complaint and this prayer for cancellation that the counterclaim called for equitable relief. It was not a counterclaim for money damages for fraud and deceit as no return of the property received can be made in such a case. (*Heckscher* v. *Edenborn,* 203 N. Y. 210, 220.)

Rescission and an action for damages are inconsistent remedies and cannot coexist, as one rests upon the avoidance of the contract and the other upon its affirmance.

One of the findings of the court was that the Shamokin & Hollis Real Estate Company by its prior action had sued for rescission. An action to recover the property parted with is an election to rescind the contract. (*Powers* v. *Benedict*, 88 N. Y. 605; *Elevator Co.* v. *Union Pacific Ry. Co.*, 97 Iowa, 917.)

The purpose of the counterclaim and the intention of the pleader were fully revealed early in the trial by the following statement made to the court:

" Mr. O'Brien: I regret that I have got to ask your Honor's indulgence in changing the relief demanded here.

" The Court: What is that?

" Mr. O'Brien: After the 22d paragraph in the haste of preparation, we have a demand for $29,000 damages. We do not want $29,000 damages, we want the transaction set aside.

" The Court: You want the thing put back?

" Mr. O'Brien: And the lots restored to the defendant, the Shamokin-Hollis Real Estate Company, together with what damages it has suffered in the way of expenses in the property, which are approximately $2,000.

" The Court: That would be the relief you would ordinarily ask for, predicated upon the allegations in your counterclaim?

" Mr. O'Brien: Yes.

" The Court: You can be deemed to have your prayer amended in that regard."

It was conceded by counsel that at the time of the trial the Merry Realty Company had title to the Hollis lots through a deed from its dummy, the defendant Martin.

On the trial the defendant in proving the fraud proved the relative value of the Bergen street property and the Hollis lots. This bore upon the fraudulent misrepre-

21

sentations which need not be referred to here as they are immaterial to the point under discussion. The damages which the defendant sought to prove were the expenses which it was obliged to pay and the commissions.

In answer to the court's question, " What are you trying to prove? " counsel replied, " Trying to prove the loss of approximately $1,500 in cash."

We, therefore, have the case presented to us as follows: The plaintiff has brought action to foreclose a mortgage, taken in exchange of property as part consideration. The defendant having previously brought action for rescission, counterclaims by pleading the facts justifying rescission and asking that the exchange be set aside, that the Hollis lots be restored to it together with $1,500 damages.

The trial proceeded upon this theory, no other claims were made for relief than those here stated, and the trial judge took the matter under advisement.

The judgment was not for rescission, but for $12,000 damages against the plaintiff for fraud and deceit. This represented the difference in the value of the equities between the properties exchanged. The court canceled the mortgage of $6,000 in part payment of these damages and gave judgment for the balance plus commissions paid, making $6,625. Was the court right in thus awarding money damages for fraud and deceit instead of rescinding the transaction and giving back the lots as prayed for?

There is no doubt but that a court of equity, where it appears that rescission has become impossible, may grant money damages in lieu thereof, but that is not this case, as there is no finding and no evidence to show that the exchange could not have been set aside and the respective properties restored to their original ownership together with damages to adjust the equities. (*Valentine* v. *Richardt*, 126 N. Y. 272, 277; *Dudley* v. *Congregation, Third Order of St. Francis*, 138 N. Y. 451.)

The remedies for fraud are stated to be (1) an action for deceit in tort; (2) in proper cases an informal rescission of the contract at law and a recovery of what has been parted with thereunder; (3) in proper cases a formal decree of rescission or cancellation in equity and a recovery of what has been parted with thereunder; (4) a defense against the enforcement of the executory promise induced by the fraud. The election of one of these remedies is a waiver of the others. (Page on Contracts, p. 539, § 339; *Gould* v. *Cayuga Co. Nat. Bank,* 99 N. Y. 333, 337.)

If rescission is the remedy selected it must be in whole and not in part. If there be an affirmance it must be of all the terms and conditions of the transaction. (*Hayward* v. *Wemple,* 152 App. Div. 195, 198; *McNaught* v. *Equitable Life Assurance Soc. of U. S.,* 136 App. Div. 774; *Gatling* v. *Newell,* 9 Ind. 571.)

The defendant had elected to rescind before this action was brought. After the amendment of the answer at the trial full and complete rescission was demanded. The judgment was not for rescission but for damages as in an action at law. The relief granted was inconsistent with the pleadings and the theory of the action. This, we think, was error.

In *Bradley* v. *Aldrich* (40 N. Y. 504, 509, 511) it was said:

" It is clear that this action, begun and tried as an action in equity, seeking upon various allegations equitable relief, and equitable relief only, viz., the rescission of an agreement and the restoration of the parties to their former condition, has ended as an action on the case for deceit, and an award of damages therefor; which is ' an action for the recovery of money only.' (Code, § 253.)   *   *   *

"According to the record before us, he was not apprised of any such claim until its declaration, and its maintenance appeared in the decision of the judge; and to that he excepted, which alone he could do.

" The opinion in this court, in *Mann* v. *Fairchild* (2 Keyes, 111 *et seq.*) is that ' if a party brings an equitable action even now, when the same court administers both systems of law and equity, the party must maintain his equitable action upon equitable grounds or fail, even though he may prove a good cause of action at law on the trial.' (See also *Heywood* v. *Buffalo*, 14 N. Y. 540)."

In *Stevens* v. *Mayor, etc., of N. Y.* (84 N. Y. 296, 305) we said:

" The plaintiff can have no relief that is not ' consistent with the case made by his complaint and embraced within the issue.' He must, therefore, establish his allegations, and if they warrant legal relief only, he cannot have equitable relief upon the evidence."

(See, also *Fitzsimons* v. *Drought*, 16 App. Div. 454; *Loeb* v. *Supreme Lodge Royal Arcanum*, 198 N. Y. 180; *Ketchum* v. *Depew*, 81 Hun, 278, 281; *Ohl & Co.* v. *Standard Steel Sections, Inc.*, 179 App. Div. 637; *Green* v. *Stewart*, 19 App. Div. 201; *Gall* v. *Gall*, 17 App. Div. 312, 319; *Vincent* v. *Moriarty*, 31 App. Div. 484.)

Under our present system of pleading equitable and legal causes may be joined in the same complaint. (*Wheelock* v. *Lee*, 74 N. Y. 495, 500; *Van Deventer* v. *Van Deventer*, 32 App. Div. 578, 583.) Here no cause of action at law was ever pleaded. The action was for rescission and the judgment for damages without excuse for denying rescission. Likewise the complaint could have been framed with a double aspect, a claim for rescission or, if such relief were found inadequate, a demand for money damages (*Canton Brick Co.* v. *Howlett*, 169 N. Y. 293), but such is not the point here.

What has been said below about recoupment need not be discussed here, as the counterclaim was clearly to our minds one for rescission and not in the nature of an affirmation or ratification of the exchange and a demand for damages as a result of the fraud. To now treat it as recoupment is to deny a substantial right of the plain-

tiff. The learned justice writing the opinion below frankly stated that he found some difficulty in thus construing the counterclaim.

Where a party rescinds a contract the law does not permit him thereafter to make use of it as subsisting for the purpose of claiming damages. When one takes legal steps to enforce a contract, this is a conclusive election not to rescind. (*Conrow* v. *Little*, 115 N. Y. 387.) The converse is also true, so that one who commences an action to rescind has made his election and cannot maintain an action on the contract. (*American Woolen Co.* v. *Samuelsohn*, 226 N. Y. 61.) A finding of a trial judge that on the day fixed for the closing of a title the vendee demanded his money back and a rescission of the contract was held to be inconsistent with a judgment for specific performance. Judge WERNER said: " Where a party has an election between two inconsistent remedies, he is bound by that which he first chooses." (*Whalen* v. *Stuart*, 194 N. Y. 495, 505. See, also, Williston on Contracts, § 1528.)

Whatever hesitancy we have in coming to this conclusion by reason of the merits of the defendant's claim and of the evidence amply sustaining the findings of fraud and deceit is overcome by a desire to preserve to litigants the forms of procedure prescribed by law and the rights flowing therefrom. While it is true that substance is always more weighty than form, yet we must not forget that the preservation of our substantive law necessarily depends upon some uniformity in procedure. Rights and remedies are correlative and depend upon each other.

Upon a new trial the defendant may have full rescission and get its lots back, or if this is impossible owing to changed circumstances or is inequitable for any reason, *then* it may have full and complete damages awarded by the Special Term for fraud and deceit in lieu thereof and a cancellation of the mortgage as part liquidation of these damages.

For these reasons the judgments must be reversed and a new trial granted, costs to abide the event.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MC-LAUGHLIN and ANDREWS, JJ., concur.

Judgments reversed, etc.