J. & K. Cohen Furniture Company, Inc., Plaintiff, *v.* Consolidated Edison Company of New York, Inc., Defendant.

Municipal Court of New York, Borough of Manhattan, Eighth District, October 31, 1936.

*Arnstein, Schwarz & Sarno [Herman B. Sarno* of counsel], for the plaintiff.

*H. E. Almberg [Henry H. Harwood* of counsel], for the defendant.

Genung, J.  In 1929 defendant commenced to supply gas to plaintiff at plaintiff's store under a written contract, whereby plaintiff deposited fifty dollars as security.  On December 12, 1935, defendant cut off the supply of gas on plaintiff's premises. Plaintiff brought suit against the defendant on January 4, 1936, for damages and *for the return of the deposit.*  A jury handed up

a sealed verdict for the plaintiff in "the sum of $50.00 for the deposit of gas, also $100.00 for loss of business."

Thereupon this action was commenced to recover the statutory penalty, *per diem*, under (present) section 12 of the Transportation Corporations Law. Both sides have moved for judgment, conceding that the case presents questions of law only. Each asserts that the judgment in the first action is dispositive of the case.

The issue in the first action was whether the supply of gas had been wrongfully cut off. The verdict of the jury was an answer in the affirmative, and the judgment entered thereon became *res adjudicata* on that question. That adjudication establishes the essential premise of this action that the supply of gas was wrongfully withheld.

Defendant asserts, however, that, granting the necessarily binding effect of the prior adjudication as to its fault, plaintiff is nevertheless prosecuting a claim which was merged in the judgment. If the grievance presently alleged was part of the basic "cause of action" which arose when the gas was cut off, defendant's contention would be unanswerable. The statute in question, however, seems to have created a cause of action to recover the penalty, which is independent of the common law cause of action for the breach of contract. "Damage has nothing to do with the question" presented by suit under the statute. (*Reiser* v. *Edison Electric Illuminating Co.*, 76 Misc. 583.) The action lies merely upon proof that the statute has been violated. If, indeed, actual damage has been sustained, it may be recovered, in addition to the penalty. Remedy under the statute, at least in the absence of words of express exclusion, is cumulative to the remedy on the contract. (1 C. J. S., Actions, § 6 [h], pp. 979, 980.) Both may be cast in a single action. They may be prosecuted separately. Recovery on one will not bar the other.

What then, shall plaintiff recover? Both parties agree that the date when the gas was shut off started the running of the statute.

Both agree, moreover, that the computation should be made on the basis of ten dollars for the period of the first ten days after December twelfth and five dollars for *each* subsequent day. (*Reiser* v. *Edison Electric Illuminating Co.*, *supra*.) The crucial question is: Until when did the penalty run? No limit, apparently, is prescribed by the statute under consideration, so that, had the first action not been brought, plaintiff would have been entitled to recover for the period between December 12, 1935, and the date of the commencement of this action. But the first action *was* brought, and, in the very character and theory thereof, it operated as an effective limitation of the period for which recovery might be had in this action.

Though recovery of the actual damage is consistent with the right to maintain an action under the statute, recovery of the statutory penalty may be had only for so long as the contract subsists. Rescission for breach, no less than mutual cancellation, will bring the penalty period to an end. Here plaintiff, in the prior action, chose to sue not only for the damages sustained, but sought refund of its deposit. We need not linger over the thought that defendant might, perhaps, have contested the right of plaintiff, in that suit, to collect its damages, while seeking reimbursement of its deposit. (Cf. *Merry Realty Co.* v. *Shamokin & Hollis R. E. Co.*, 230 N. Y. 316, at pp. 321 *et seq.*) It suffices to observe that plaintiff was not entitled to reclaim its deposit, except on the theory that defendant had forfeited the right to hold plaintiff to a contract which defendant had breached, and that plaintiff was, therefore, at liberty to withdraw from the contract. The suit for the deposit was an election by plaintiff to treat the contract at an end because of defendant's breach. The rescission was complete when the suit was *started*. (Cf. *Schank* v. *Schuchman*, 212 N. Y. 352, 357.) The judgment merely *confirmed* the fact that the rescission was well founded. " Where a party rescinds a contract the law does not permit him thereafter to make use of it as subsisting for the purpose of claiming damages." (*Merry Realty Co.* v. *Shamokin & Hollis R. E. Co.*, *supra*, at p. 325.) Much less may he make use of it as subsisting, under such circumstances, for the purpose of claiming the benefits of a penal statute.

Plaintiff is, therefore, entitled to recover the penalty for the period between December 12, 1935, and January 3, 1936. January 4, 1936, the date of the commencement of the first action, is excluded from the period of computation. In accordance with the statutory formula, plaintiff's recovery is computed in the sum of seventy dollars.

Defendant's motion for judgment on the pleadings is denied. Plaintiff's motion for summary or partial summary judgment is denied. Plaintiff's motion for judgment on the pleadings is granted and judgment is directed in its favor in the sum of seventy dollars. Settle order on notice.